## NATHANIEL COIT *vs.* IRA WELLS.

That the plaintiff in *ejectment*, on showing himself to be a proprietor in town, need not show a division, till the defendant, also, shows an interest which makes him tenant in common with the plaintiff.

That the clerk's certificate of the allowance of the committee's accounts, is not evidence. The copy of the record must be produced.

That the records of the advertisements in road taxes are not evidence, unless they contain all the particulars required by the statute.

That the collector must give bond before he advertises his sales, or the same will be invalid.

HUTCHINSON, J.—The points in this case, of any importance to be published, are very narrow in themselves, yet are presented in a form too voluminous to admit a report in detail.

The action is *ejectment* for the north half of lot no. 188, in the town of *Albany*. There was a jury trial and exceptions allowed, upon which the case is brought up from the county court.

The plaintiff shows himself entitled, by the production of the charter, in which he appears to be an original grantee. This would be sufficient of itself, on showing the defendant in possession, had the land been described in the declaration by metes and bounds. But the plaintiff describes it as the north half of lot no. 188, drawn to the right of the plaintiff. Hence the plaintiff offered parol testimony to show, that this lot bore the name and description he had given it. This parol testimony was objected to, but admitted. And, we think correctly. For the testimony shows, that there never was any legal division of the lands in that town, as the statute provides ; but that the whole land was surveyed into lots, and numbered ; and all the lots so known by these numbers, that the habits of conveying were, to name the lots by their numbers only. This sufficiently shows the land in question well described by its number only. That is, as a well known name of the lot, by which it is distinguished from the other lands in town.

This testimony was correctly admitted, and nothing further need be shown by the plaintiff so long as the defendant stands a stranger to the title. The decisions in the circuit court, and the courts of this state, have always been, that a plaintiff in ejectment, upon showing himself a proprietor, need not show a division of the land into severalty, so long as the defendant appears to have no interest in the lands in town. But, when the defendant shows himself, also, to have an interest, which would make him tenant in common with the plaintiff, that lays upon the plaintiff the necessity of showing a division, which assigns to him in severalty the land in question. This is a reasonable practice ; for, the division

ORLEANS,
July,
1829.

Coit
vs.
Wells.

concerns none but proprietors : and, until a division, each proprietor has an undivided interest running through the whole land in town ; on the strength of which he may recover any part of the land of any stranger in possession, and put him out of possession ; and this recovery will enure to the benefit of all the proprietors, so far as relates to the title.    He will recover such a part, say, one sixtieh undivided part ; and that will enable him as fully to put the stranger out, as if he had title to, and recovered, the whole.

It further appears, that, after the plaintiff had thus made out his title,the defendant set up in his defence two several vendue titles to the land in question,the evidence of both which was excluded by the court.    These both arose in the collection of special taxes for the repair of roads and building bridges in said town.

Among the objections to the evidence, offered to prove these titles , were three which were nearly similar in each title set up.

1. In showing the allowance of the committee's account of their expenditures of the tax, prior to the sale, the defendant, produced a certificate only, from the clerk, stating at what sum said account was allowed.    This objection is fatal.    The law requires the accounts to be recorded at length, after the same are allowed,  and a certificate transcript of this, and of the decision allowing the same, is the only proper testimony to the fact.

2. The tesitimony offered to prove the advertisements of the committee and collector, was the copies of the record of the same in the town clerk's office.    On inspection, these records exhibited several defects by omitting some of the matters required by the statute to be recorded.    In some,the dates of the papers were omitted.    In some,the places where the papers were printed, &c.    These records are no evidence, unless they contain all the requisites pointed out by the statute.    The statute is very particular in describing what shall be recorded, and makes the copies of such record evidence.    Those which fall short of this description are not made evidence by the statute.    Such were these in question ; and, for that reason, were properly rejected.

3. It was objected that the collector did not give bonds till the day of his vendue sales.    All the evidence of his giving bonds was a receipt from the committee, dated the day of his sales, acknowledging that they had received such bond as the law requires. The statute requires that the collector, before he enters upon the duties of his office, shall give a bond with sureties to the committee, in at least double the amount of the tax, conditioned that he will faithfully discharge the duties of his said office.    This bond is to be the security, that the money received by the collector shall be paid to the committee, and go to subserve the objects of the tax ;

ORLEANS,
July,
1829.

Coit
vs.
Wells.

that the land owners may not pay their money, and yet fail of the roads, which are intended to operate to their benefit by adding value to their lands.   Now the collector, as soon as he receives his rate bill and warrant, proceeds to receive the money for the taxes, and advertises his sales. These are official acts, and he must give bonds before he commences these acts, or his sales are void.   In such case the advertisement is not the act of the collector, but of the individual ; and is of no validity.

This objection is fatal to both vendues.   The evidence was, therefore, properly rejected : and the judgment of the county county court, in favor of the plaintiff is affirmed.

Judgment affirmed.

*Fletcher* and *West*, for plaintiff.
*Sawyer*, for defendant.