CHITTENDEN,
January,
1831.

## TRUMAN GALUSHA *vs.* JOSEPH SINCLEAR.

A deed may be admitted in evidence, though there be no date to the acknowledge-ment, the recording of the deed and acknowledgement being prior to any interven-ing title.

A demand of pay on execution at the debtor's house, in his absence, is sufficient.

No notice need be given to a debtor to appoint appraisers, when he is gone to parts unknown to the officer.

Such notice need not be given to the attorney in the suit, unless he has been specially appointed by the debtor, his agent for that purpose.

A defect in the description of the premises levied upon, that can be supplied with cer-tainty from other parts of the same levy, does not vitiate.

A levy upon the interest of one tenant in common should be made upon a certain undi-vided portion of the whole.

One tenant in common has no lien for repairs, made upon the common premises, as against the levy of a creditor of the other tenant in common.

The defendant cannot be admitted to show an erasure from the note for which the judgement was rendered, which is the ground of the levy.

This was an action of *ejectment,* to recover the one undivided fourth part of an acre of land, with a sawmill thereon. Plea, not guilty, and issue to the jury. On trial the plaintiff offered a deed from the said *Joseph Sinclear* to Gideon O. Dixon ; to which the defendant objected ; because the acknowledgement was without date : but the court overruled the objection, and the deed was read. The plaintiff then offered the copy of a judgement, execu-tion and levy, in his favor against the said Gideon O. Dixon ; to which the defendant objected, for the following reasons : because the levy was not made by the same officer who received the exe-cution to levy ; that it did not appear that the officer levying the same had first demanded the money to satisfy it ; that it did not appear, any legal notice was given to Dixon, or his attorney, to appoint appraisers ; nor that the appraisers were legally sworn ; and that said execution was not extended on the whole interest of

Gideon O. Dixon in the land, on which the execution was levied. But the court overruled the several objections, and the levy was read.

The defendant then offered to show by the attorney of record of Gideon O. Dixon, that no notice had been given, by the officer levying said execution, of said levy, either to the said Gideon O. Dixon, or to said attorney; to which the plaintiff objected, and the court rejected the evidence. The defendant also offered to show that he and Gideon O. Dixon were tenants in common of said mill; that it was repaired by their mutual direction, and that, in such reparation, the defendant had expended the sum of five hundred dollars over and above his half of the expenses, and that he had a lien on said mill for the repayment. But the plaintiff objected to this testimony, and it was rejected by the court; and the jury returned a verdict for the plaintiff. The defendant also offered to show, that an indorsement had been made upon the note, specified in the suit of *Galusha* vs. *Dixon*, of eighty dollars paid to said *Galusha*, and that the same had been erased without the consent of said Dixon, and judgement rendered for the whole amount: but the court rejected the testimony.

To which several decisions of the court the defendant excepted, and the case was ordered to be removed to this Court.

*C. Adams, for the defendant.*—1. The deed from the defendant to G. O. Dixon ought not to have been read, for want of a due acknowledgement.

2. The levy of the execution ought not to have been read. 1. There was no legal demand of the debt and cost. 2. It does not appear, that any notice was given to said Dixon, or to his attorney, to appoint appraisers. 3. It does not appear what oath was administered to the appraisers. 4. The land levied upon is not sufficiently described. 5. It does not appear by the levy what those privileges were, which were appraised; and a reference to them, as set forth in another deed, is defective. 6. It does not appear by any record, that said execution has been recorded in the town clerk's office at any time *since* the levy. The Court will not decide that the entry, "*received for record, January* 17, 1827," is a mistake. 7. The execution should have been extended on all the interests of said Dixon in the land extended on.

3. The defendant should have been permitted to have shown that notice to appoint appraisers was not given to said Dixon, nor to his attorney of record.

4. Property owned by tenants in common is holden for all ne-

CHITTENDEN cessary reparation, made by either of the tenants, and that *Sin-*
January,
1831.      *clear* ought to have been permitted to show such reparation.—
——————   *Stanton* vs. *Bannister*, 2 *Vt. Rep.* 464; *Fitzherbert*, 127;
Galusha
*vs.*      *Carver* vs. *Miller*, 4 *Mass. Rep.* 559.
Sinclear.

  *Lastly*, The defendant ought to have been permitted to show
the erasure of the indorsement of eighty dollars upon the note,
on which the plaintiff obtained his judgement against Dixon.

  *Wm. A. Griswold, contra.*—1. The first objection contained
in defendant's bill of exceptions is deemed too frivolous to require
an answer. The recording has amply supplied a date to the ac-
knowledgement.

  2. The execution was in the hands of Ezbon Sanford, deputy
sheriff, at the time of the levy; and he had full authority to levy
the same, notwithstanding the same may have been in the hands
of another deputy of the same sheriff, at a former time.

  3. There is no necessity for the officer to demand the money
of the debtor in any case, before a levy on land. But in this case
it appears, that the debtor was absent, and gone to parts unknown,
and that the officer demanded payment of the debtor's wife, and,
no other property being shown, the levy was made.

  4. As it respects the other objections to the levy, it will appear,
that the officer's return is in strict conformity with the provisions
of the statute, and that the same is conclusive between the parties,
and cannot be impeached by parol testimony.—See *Stat. p.* 210;
*Hathaway* vs. *Phelps*, 2 *Aik. Rep.* 84; 11 *Mass.* 163; 17
*Mass.* 433.

  5. The 7th section of the statute, directing the levying and ser-
ving of executions, provides, " that when the real estate of any debt-
or shall be held in joint tenancy, or tenancy in common, with the
real estate of other persons, the officer holding the execution may
extend the same on such estate or part thereof," &c.—*Stat. p.*
212.

  6. Although the defendant might have made repairs upon the
mill, while he and Dixon, the debtor, occupied it as tenants in com-
mon, and to a greater amount than his equal share, yet this does
not, in law, create any lien upon the land, so as to prevent a levy
by judgement creditors. Nor can the same be set off against the
rents, due from defendant to plaintiff in this action, which accrued
since the title became absolute in the plaintiff.

  7. The judgement in favor of the plaintiff against Dixon cannot
be impeached by defendant: it is conclsive as to him until set

aside; and especially, since he had acquired no legal interest in the land as against Dixon, the judgement debtor.

CHITTENDEN
January,
1831,

Galusha
vs.
Sinclear.

HUTCHINSON, C. J., after stating the case, delivered the opinion of the Court.—The decision of the county court was correct, in admitting the deed from the defendant to Dixon. The acknowledgement is in due form, except, that it is without a date as to the year. But the deed and acknowledgement are both regularly recorded. The deed bears date May 14, 1811. It was acknowledged May 14, without stating the year. It was received for record, and recorded May 29, 1811. Of course, all must have taken place in May of the same year, 1811. This must be good, especially, as the defendant sets up no claim under any title, that accrued while the time of the acknowledgement remained uncertain.

Several objections were made to the levy of the execution in favor of the plaintiff against Dixon, which was read in support of the plaintiff's right to recover. These relate to the want of a demand of the money before the levy; the want of notice to Dixon to appoint appraisers; the regularity of the oath administered to the appraisers; the description of the land, and privileges contained in the levy ; and a supposed impossible date to the recording of the execution and levy.

The officer states, in his return, that he repaired to the usual place of abode of said Dixon, the judgement debtor, in said Jerico ; and Dixon being absent from home, and gone to parts unknown, he made demand of the money, &c., of the wife of Dixon, &c., and, by direction of *Galusha*, the creditor, he extended said execution upon one equal, undivided fourth part of a piece of land in Jerico, containing one acre and three fourths of an acre, and bounded as follows : he fixes a very definite corner to begin at, on the south side of a certain road named, thence running sixty degrees west on said road nine rods and ten links to the corner of the Dixon garden, thence south 29 degrees east fourteen rods to a stake, and so on to the place of beginning ; with all the privileges and appurtenances thereto belonging, with the saw-mill thereon standing, together with its privileges, as described in a deed from Truman Barney to Joseph and Samuel Sinclear. And the said parties, their agents and attornies, neglecting to choose appraisers, he applied to a justice of the peace of the same county, &c., who appointed three appraisers. This appointment is also certified by the justice on the execution. The officer says in his return, " which appraisers being duly sworn by me agreeably

CHITTENDEN
January
1831.
———
Galusha
*vs.*
Sinclear.

to law, did on view, &c., appraise," &c. This levy bears date January 17, 1828. The town clerk's minute, upon the execution, of his recording it, is dated January 17, 1827. The county clerk's certificate of his recording bears date January 19, 1828. This Court consider, that, Dixon being absent, the demand made at his house, for the payment of the execution, was all that the law requires. It might be made there, and be sufficient, without more ; and the officer's saying that he demanded of Dixon's wife, does not vitiate. It may be considered as surplussage. Dixon's absence to parts unknown, also, rendered unnecessary any notice to him to appoint appraisers. And there is no intimation that he left any agent or attorney with authority to make such appointment, unless it be his attorney in court whose name is certified by the clerk on the back of the execution. It is not a matter of course, that this attorney has authority to appoint appraisers in such case. His being employed to manage the suit does not give him any such authority. It is a different business, requires different skill, and requires a knowledge of the judgement of men, which he as attorney may not possess. The officer was under no necessity to call upon this attorney to make such appointment.

The objection, that it is uncertain what oath was administered to the appraisers, seems rather refined, when the officer has certified, that they were duly sworn by him agreeably to law. This very strongly asserts that he administered to them the oath in such case by law prescribed. The law having fixed what oath shall be administered in such cases, the general assertion of the officer is sufficient. The objection to the description of the premises is fully answered upon the principle, that that is certain, which can be rendered certain. The uncertainty here is, that the officer says, "running from the place of beginning sixty degrees west ;" without saying north or south sixty degrees west. But the place of beginning is very definite, and is in the south side of a road about which there is no uncertainty. And this sixty degrees west is to run in the south side of said road nine rods and ten links. This can be done by any person. Furthermore, this nine rods and ten links is to reach to the corner of the Dixon garden. Hence, running westwardly from the place of beginning nine rods and ten links on the south side of said road to the first corner of said garden, that comes in contact with the south side of said road, cannot fail to be the true boundary. If there were any difficulty in this it would be obviated by going to any of the several boundaries named in the survey and surveying back to the place of beginning.

It is further urged, however, that it does not sufficiently appear what privileges are levied upon, as contained in the deed from Barney to the Sinclears. That deed is of record, and a reference to it shows the privilege to be definite, to wit: that of erecting a dam on or against the premises so high as may be convenient, without flowing the works above, and of taking water for any machinery, other than a grist-mill, which neither party may erect without paying the other two thousand dollars. This leaves no such uncertainty as should hurt the levy.

Chittenden,
January,
1831.

Galusha
vs.
Sinclear.

With regard to the certificates of the recording of the levy, the obvious mistake in writing 1827 for 1828, can injure no one. Its being recorded in season answers the requisitions of the law. While the return bears date January 17, 1828, and is recorded by the county clerk the 19th of the same January, the certificate of the town clerk, that he recorded it January 17, 1827, thus carrying back the recording a year before the existence of the thing recorded, can but be a mistake ; and the mistake is the wrong way to admit a doubt of the records being made in season.

It was further objected, that the levy ought to have been made upon all the interest of Dixon in the premises, and not on an undivided part of said premises. The debt being large enough to cover the whole of Dixon's interest, the levy is correct in this respect, as it now is. If the debt had been much less than Dixon's interest, still the levy must have been upon such an undivided part of the whole premises, as the amount of the execution and cost bore to the value of the whole premises. The creditor could not, by levying upon Dixon's half of one acre of the premises, have prevented the other tenant in common from claiming such a division as would have fallen to his lot if no levy were made. The levy might have been good after a partition made, if that partition placed the part levied upon to the share of Dixon. But a creditor must not be compelled so to levy as to assume the risk of having his title pressed down by that of the other tenant in common with Dixon. These exceptions to the decision, admitting the levy, are overruled.

With regard to the exclusion of the testimony, offered to prove, that notice was not given to Dixon or his attorney to appoint appraisers, the decision upon this point was correct. The offer was not to show some known agent or attorney, legally authorized to act, and he not notified ; but merely to show, that neither Dixon nor his attorney in the suit were notified. Dixon's absence, and

CHITTENDEN
January,
1831.

Galusha
vs.
Sinclear.

the want of authority in his attorney of record, furnish a full reason for excluding the testimony.

With regard to the lien for repairs made by defendant upon the common property, we recollect no law, that will imply such lien ; and the case states no contract creating such a lien. If there were such a contract, it would need to be in writing and of record to be valid against an attaching creditor. The testimony upon this point was correctly excluded.

The only remaining point, urged in argument, is the excluding testimony to show an erasure of an indorsement of eighty dollars from the note upon which the plaintiff recovered his judgement against Dixon. If Dixon would seek a remedy for this erasure, now after judgement, it must be by a petition for a new trial under our statute. He could not attack the judgement in this collateral manner. But the defendant has shown himself in no situation to attack this judgement by petition, or in any other way whatever.

The judgement of the county court is affirmed.