## ABNER EASTMAN *vs.* JOHN CURTIS.

Title acquired by levy of an execution is not rendered invalid by reason of any irregularity or erroneous decision of the court in rendering the judgement on which the execution issued. The judgement is sufficient until set aside or reversed in some of the ways which the law has provided.

It is not necessary for an officer, levying an execution on real estate, to state in his return that he has demanded the money, &c., nor that the debtor neglected to pay it, or to exhibit personal property : these preliminary duties are not essential to pass the title.

Where an officer extends an execution on personal property, when the amount of the execution is offered to him, or upon real estate, when the debtor exposes sufficient personal property, he will be liable to any one who is aggrieved thereby. *Sed dubitatnr,* whether such a misfeasance of the officer would affect the title to property acquired by virtue of the levy.

When an officer's return on an execution, extended on land, is conformable to forms which have been long in use, it is sufficient, though it contain some technical defects.

Where an officer stated in his return that the land extended on had been appraised by persons *mutually appointed by the parties,*—it was held to be a strict compliance with the statute.

Where an error is committed by an officer in his return in writing an important word, yet, if nothing can be intended by it but the word required by law, the return is sufficient.

It is not a valid objection to a title acquired by levy of an execution, that it does not appear from the return the land was shown to the appraisers, nor that they made the appraisal in view of the premises, nor what means they took to ascertain the value.

Where an officer stated in his return that he had sworn the appraisers as the law directs, without otherwise saying what oath he administered to them, the return was held to be sufficient.

Sheriff's deputies are recognized by the statutes as distinct officers; and their doings should be certified in their own names, and not in the name of the sheriff.

The statute does not require that an officer shall affix a seal to a return made on an execution levied on land :

FRANKLIN,
*January,*
1832.

Eastman
*vs.*
Curtis.

Nor that a certificate of the appraisal should accompany the return.

If an officer charges more than legal fees for levying an execution, the title to property acquired by such levy is not thereby affected.

Where judgement was recovered by an administrator, on which execution was issued and extended on real estate, and the return of the officer was in the common form, not designating whether the land was set off to the administrator or heirs,—it was held to be sufficient.

The return of an officer on an execution, as to the facts therein stated, is conclusive on the parties and all claiming under them.

This was an action of *ejectment* for land in St. Albans. Plea, *not guilty,* and issue to the court. It was admitted on trial, that the title to the land demanded was in the plaintiff, and that he had a right to recover, unless he had been divested of his title by virtue of the levy of an execution in favor of Robert Peaslee, administrator of Zacheus Peaslee, against Silas Hathaway, Erastus Hathaway, Levi Hathaway, James Brown, and the plaintiff, under which the defendant claimed the right of possession. The defendant produced in evidence the record of the judgement on which the execution issued, from which it appeared, that the original action was on a jail bond ; and that the defendants pleaded a plea of set off thereto ; —that Peaslee, the plaintiff, replied, and pleaded the *general issue* to the plea of offset ; and gave notice, under the statute, that he should prove that said Zacheus Peaslee did not at any time within six years before the commencement of said action, nor within six years before filing said plea, nor within six years before the said Zacheus' death, undertake and promise, as alleged in said plea of offset ; to which replication the defendants demurred ; that the court thereupon decided that the defendants rejoinder be held for nought, and directed that they should close the issue *instanter*, which plaintiff had tendered in his replication, and in default thereof, that judgement be rendered against them for the amount claimed by the plaintiff ; and that the defendants neglecting to comply with the order of the court, judgement was rendered accordingly. The present defendant objected to the admission of this record, because it appeared that judgement had been rendered by way of amercement or penalty ; and contended, that the court had no power to render a judgement under such circumstances. But the objection was overruled. The officer's return on the execution was as follows :

State of *Vermont*, ⎫ Know all men by these presents, that I,
  *Franklin, ss.* ⎬ Joseph Weeks, sheriff's deputy of the
*November 9th*, 1818. ⎭ county of Franklin, by virtue of the
within execution to me directed, and by direction of Sanford Gadcomb, attorney for the creditors within named, did, at St. Albans,

FRANKLIN,
January,
1832.

Eastman
vs.
Curtis.

in said county, the 9th day of November, A. D. 1818, levy the said writ of execution on a certain tract or parcel of land, shown to me by the said Sanford Gadcomb, attorney, as aforesaid, as the property of one *Abner Eastman*, one of the within named debtors, situate, lying and being, in St. Albans aforesaid, and bounded as follows ; to wit : beginning at the south-east corner of lot no. 17 ; thence running west, on the south line of lot no. 17, one hundred and twenty four rods and thirteen links, to the stage road ; thence running northerly,on the east line of the stage road,thirty four rods ; thence running easterly, a parallel line with the south line of said lot, one hundred and twenty one rods ; thence south, thirty six degrees west, thirty four rods, to the first mentioned bound ; containing twenty six acres and twelve rods of land. And afterwards, to wit, at St. Albans aforesaid, on the day and year last aforesaid, I caused the same land, with the appurtenances thereof, to be appraised by Abijah Stone, Orange Ferris, and Nehemiah W. Kingman, good and judicious *disintered* freeholders of the vicinity, being in the town of St. Albans, aforesaid, who were mutually appointed by the said Sanford Gadcomb, attorney, as aforesaid, and the said *Abner Eastman* ; and I have sworn them respectively as the law directs, who, on their oaths, have appraised the same at the sum of seven hundred and twenty nine dollars and five cents ; and I have caused the within execution, with this my return hereon endorsed, and the bill of fees hereunto annexed, to be recorded in the town clerk's office in St. Albans.

*Joseph Weeks, deputy sheriff.*

Several objections were taken to this return :

1st. That it did not appear therefrom that the officer repaired to the debtors' place of abode, and demanded payment of said execution ; nor that said debtors, their agents or attornies, had refused to expose and tender personal estate, sufficient to satisfy the execution.

2d. That it did not appear the statute had been complied with in the appointment of the appraisers ; that the parties could not agree on all three of them ; but each party should appoint one, and those two mutually agree on a third.

3d. That it did not appear the appraisers were " judicious and disinterested" freeholders ;—that the word *disintered*, used in the return, could not mean, " disinterested."

4th. That it did not appear the land was shown to the appraisers, nor that they saw it, nor in what manner they ascertained its value.

5th. That it did not appear in what manner the appraisers were sworn ;—that the form of the oath required by law should have been inserted in the return.

6th. That it did not appear the execution had been extended by an officer known in law.

FRANKLIN,
January,
1832.

Eastman
vs.
Curtis

7th. That the return ought to have been authenticated by a seal.

8th. That the officer had charged more fees than by law he was entitled to.

9th. That it did not appear the value of the land had been applied on the execution.

10th. That it did not appear whether the land had been set oft to the administrator, or to the heirs.

11th. That a certificate of the appraisal, signed by the appraisers, ought to accompany the return, and that it should appear they appraised the premises *at the true and just value in money.*

These objections were all overruled by the court, and the record of the levy admitted. The plaintift then offered evidence to show, that *Eastman*, at the time said execution was extended on the premises, was sick, and had no voice in the appointment of the appraisers. This evidence was rejected by the court. A judgement having been rendered for the defendant, exceptions were taken by the plaintiff; whereupon the cause was ordered to pass to the Supreme Court for a final hearing on the several questions of law raised in the case.

After argument,

WILLIAMS, J., delivered the opinion of the Court.—This is an action of *ejectment* to recover the title and possession of land which was taken from the plaintiff by the levy of an execution on the 9th of November, in the year 1818. It is admitted that the title is in the plaintiff, unless he was divested of it by that levy. Several objections have been taken to the judgement and levy, which the plaintiff says show that the levy was void. It is to be remarked in the outset, that the levy of the execution on the land in question extinguishes so much of the plaintift's debt as the value of the land, as found by the appraisers. The statute of limitations has run on that judgement. If the plaintiff recovers, the judgement is satisfied, and he recovers back the property by which it was satisfied. This would induce us to examine the subject with caution and deliberation, and if the result should be, that the land did not pass by the levy, a bill in chancery might compel the plaintiff either to pay the debt, or further assure the title acquired under the levy. Taking property on executions, it is true, is a proceeding " *in invitum*," and the forms and requi-

FRANKLIN, sites of the law must be observed. It is also true, that levying
January, upon land is taking the property of a debtor without sacrifice,
1832. at a full and fair value, and in discharge of a legal obligation. In
Eastman short, it is only doing what the debtor ought to do, taking his
vs. property to pay his debts; and herein it differs from those cases
Curtis. where a sale is made to enforce the performance of a public obligation imposed by law, and not by the personal contract of the obligor, as sales for taxes, or sales of property distrained, or property impounded. We have examined all the objections which have been taken, and find none of them sufficient to avoid the levy. The judgement, on which the execution issued, which was levied upon the land in question, appears to have been regular. Whether the court exercised their powers discreetly in ordering the party to close an issue tendered, or in entering judgement, it is not for us to enquire. If the judgement ought to have been set aside or reversed, it should have been done in some of the ways which the law has provided. It is sufficient for the defendant that it is not void.

The levy in many particulars, where it has been objected to, appears to have been according to established forms. Other objections have been taken which have been ruled to be insufficient. It is not necessary for the officer to state that he has made a demand of the money, &c., as it is not essential to pass the title. The statute subjects real estate to be taken at the election of the creditor when the debtor neglects to expose and tender personal estate sufficient to satisfy the execution. If an officer should levy on real or personal estate, when the amount of the execution was offered to him, or upon real estate, when the debtor had exposed sufficient personal estate, he would be liable to any one who was injured thereby; but I should very much doubt whether his misfeasance in this particular would affect the title of the purchaser of personal estate which he sold at auction, or of the creditor to whom the real estate was set off. At any rate, this return in these particulars is conformable to the forms which have been long in use, and is not to be disturbed here upon an objection which is so purely technical.

The second and third objections are wholly unfounded. If the parties mutually agreed upon the appraisers, each one did in fact choose an appraiser, and there was a strict compliance with the letter of the statute. It is at least singular, that the debtor himself on the execution should raise the objection.

The mistake in writing the word *disinterested* is too trifling to

FRANKLIN,
January,
1832.

Eastman
vs.
Curtis.

merit a serious consideration. Nothing else can be understood than that the appraisers were " disinterested," as the statute requires.

The objections, that it does not appear what land was shown to the officer, or what oath was administered, were considered as unimportant in the case of *Galusha* vs. *Sinclair*, 3 *Vt. Rep.* 394.

It is not true that a deputy sheriff is not an officer known in law. On reference to the statute concerning sheriffs, and also to other statutes, sheriff's deputies are recognised as officers, and made liable to fine on conviction for neglect of duty, &c.

It is not required by statute that the return should be under seal, nor is it required that the certificate of the appraisers under their hands, should accompany the return ; and it would only encumber the records if these, or the certificate of the oath, should be separately placed on the execution and recorded.

If the bill of fees was too high, the sheriff was liable ; but as this levy was only in part satisfaction, the fees should have been reduced to what were legal, and the appraisal applied in satisfaction of the legal fees, and the residue on the execution, and an alias would have issued only for the just balance ; but the misconduct of the officer in this particular cannot destroy the levy. Neither do I think that it could by any possibility have rendered the levy void if the appraisal had been in full satisfaction of the execution and bill of fees, although part of the fees were illegal. A question somewhat similar was decided by *Judge Livingston*, in the circuit court, in favor of the levy.

The 9th objection is not true in point of fact. It appears this levy was made on the property of different debtors, and at different times ; and the aggregate of the several levies was applied. The whole of these levies constitute but one return.

The objection that it does not appear whether the land was set off to the administrator or heirs, and also the question raised on the offer of the plaintiff to disprove the fact certified by the officer, that the appraisers were mutually chosen, were both considered in the case of *Hathaway* vs. *Phelps*, 2 *Aikens*, 84, and overruled. The land was of course set off to the creditor ; and the return of the officer in relation to choosing the appraisers, is conclusive upon the parties and all claiming under them.

The case of *Hathaway* and *Phelps* might probably be considered as an authority in all the points in this case. In that case the question arose on objections taken to the levy of the same execution on the property of Erastus Hathaway, one of the judge-

FRANKLIN,
January,
1832.

Eastman
vs.
Curtis.

ment debtors named in the said execution. I have no doubt, from reading that case, that the levy was in the same form, and liable to all the objections which have been raised to this. That case appears to have been much contested. The levy was called in question, and was established. Whether, however, these objections which have been raised, were there discussed or not, we are all of opinion in this case, that the proceedings on the judgement and execution against the plaintiff, were regular ; that there is no valid or plausible objection to the levy, and that the plaintiff by that levy was divested of all interest and title to the land for which the suit was brought.

The judgement of the county court is affirmed.

*Hunt & Beardsley,* for plaintiff.

*Turner,* for defendant.