## ZEBULON DOW *vs.* DANIEL SMITH.

CALEDONIA,
*March,*
1834.

Dow
*vs.*
Smith.

The statute directing the officer, having an execution, to call at the debtor's dwelling house for pay before levy, is *directory.*

The neglect of this duty does not render the levy a trespass, though, if no good cause for such neglect, it might subject the officer to an action on the case, if any real damage ensued.

This was an action of trespass for taking a two years old heifer. Plea, the general issue, with notice that the defendant, as deputy sheriff, received for collection an execution against the plaintiff in favor of one Fisher, and by virtue thereof took and sold this heifer, &c.

On trial, after the plaintiff had proved the taking by the defendant, the defendant offered in evidence the execution mentioned in the notice, with the defendant's return thereon, showing the levy and sale. This return did not show, that before taking the heifer the officer had called at the debtor's house for the amount of the execution, agreeable to the statute, nor that the heifer had been turned out to the officer. To this execution being read in evidence, the plaintiff objected, and the same was excluded by the court. Verdict and judgment for the plaintiff. Exceptions by defendant.

*Skinner for the defendant.*—1. The execution should have been admitted, having all legal formalities, and is sufficient to justify the taking.

2. It is not necessary in all cases for the officer first to demand pay at the debtor's place of abode. Such a construction of the statute would in many cases prevent the collection.

*Bell for the plaintiff.*—1. The statute in express terms requires the officer first to demand pay at the debtor's place of abode.

2. This is a condition precedent to the officer's right to take property, and as his return did not show this, the execution having on it such a return, was not admissible.

The opinion of the court was delivered by

COLLAMER, J.—It is urged that this execution was not admissible because the return was defective. This hardly raises the question which the parties have agitated, for the execution ought to have been admitted, even had there been no return upon it, and then the defendant might have been left to make out the remainder

CALEDONIA,
*March,*
1834.

Dow
*vs.*
Smith.

of his defence by other testimony. It is no objection to a paper that it does not make an entire case or defence. But as the question must arise in the case, and has been argued and submitted, the court resolve, that part of the statute directing the officer to call at the debtor's place of abode and there demand the debt in execution, is entirely *directory.*

The plaintiff insists the performance of this is a condition precedent to the officer's power to levy, and without it his levy is a trespass. Such a principle is incapable of practical adoption If he cannot take the property, though he finds it, until he has first been to the debtor's abode, it is obvious the property may be then entirely beyond his bailwick. Cannot property be charged in execution, which the officer holds on attachment, until the debtor is first visited? May an officer holding an attachment take property, when one having final process, execution, cannot? Is it to be endured that an officer must see a debtor in execution escape from the county, because the officer has not been to the debtor's house with his execution? for it is as necessary in the latter as the former case. But perhaps it may be said the officer might in his return state an excuse for not going to the debtor's abode. This would compel the officer to judge of the excuse at the peril of being held a *trespasser* if the court should not confirm his judgment, or of never venturing an excuse, and hazard being answerable to the creditor. A dilemma never intended to be visited on the officer by the statute.

The only practicable course is, to treat officer's proceedings as good; and if his disregard of this directory statute is without excuse, malicious and productive of injury to the debtor, let redress be had by an action on the case therefor against him. Such has been the practical construction of this statute ever since its adoption. This question was so decided in the case of *Eastman* vs. *Curtis,* (4 Vt. Rep. 616.) If this levy is void and a trespass, so must have been a levy on land.

ROYCE, J.—This decision was made by the court below, excluding the execution, entirely on the ground that the general issue only was pleaded, as is apparent by the bill of exceptions. On inspection of the record, however, it now appears there was notice of a justification, agreeably to the statute. I fully concur in the opinion of the court as now expressed.

Judgment reversed.