### HARVEY HOLMES *vs.* LEVI HALL & another.

A levy of execution on real estate is not rendered invalid by the officer's including fees and charges, which are not authorized by law, in the amount for which the levy is made.

WRIT OF ENTRY. David Alexander, one of the tenants, was defaulted. Hall, the other tenant, pleaded *nul disseizin,* and a trial was had before *Dewey,* J. at the last May term. The demandant claimed title under a levy of execution, made on the 30th of April 1832. The fees and expenses of said levy, as taxed by the officer who made it, and which were included in the amount for which it was made, were $20·95. The tenant, Hall, insisted that certain fees and charges so taxed by said officer, to the amount of $7·80 were illegal, and that the levy was thereby rendered void. The question, whether said tenant's objection to the levy should prevail, was reserved for the consideration of the whole court.

*Bishop,* for the demandant.

*Sumner,* for Hall.

DEWEY, J. It is contended that the levy of the execution, under which the demandant claims title, is invalid by reason of certain illegal charges for fees and disbursements, made by the officer who levied the execution. No case has been cited from our own decisions, which sustains the objection here taken and avoids a levy for such cause. *Pickett* v. *Breckenridge,* 22 Pick. 297, was a case where the value of the land set off in satisfaction of the execution exceeded, by the sum of three dollars, the whole amount of the execution and the taxed costs and charges of levy, and where there seemed to be no other mode by which the judgment debtor could obtain redress, but by declaring the levy invalid. The case before us arises under different circumstances, and is one in which the alleged error has arisen wholly from the over taxation of the officer's fees.

We have not found it necessary to determine or consider to what extent, if to any, the fees taken in the present case were illegal; because, assuming them to be so, we are of opinion that

the levy cannot be avoided for that cause. This question has been fully considered by the courts of our sister States, in three cases, and the result to which they came is entirely satisfactory to us. The cases of *Burnham* v. *Aiken*, 6 N. Hamp. 306 ; *Sturdivant* v. *Frothingham*, 1 Fairf. 100 ; and *Eastman* v. *Curtis*, 4 Verm. 621 ; are directly in point to show that a levy is not void by reason of the officer's taxing fees which are not authorized by law, and returning such fees in the amount of the levy.*

In cases like the present, the debtor is not without other means of redress. He may maintain an action against the officer for money had and received, to recover back the amount of all such illegal fees ; and where such illegal fees are wilfully and corruptly demanded and received, an action of debt might be resorted to for the penalty provided by the Rev. Sts. *c.* 122, § 19.

To hold the entire levy invalid, because illegal fees are included, would operate unjustly upon the rights of the creditor, without any fault on his part ; and the effect would be to punish him for the fault of the officer, where the officer's illegal acts were solely for his own benefit, and where the creditor could not be supposed to have any control over those acts. We think, therefore, that the levy may well be sustained.

*Judgment for the demandant.*

---

* See also *Odiorne* v. *Mason*, 9 N. Hamp. 24