### OLIVER P. CHANDLER v. ARTEMAS CASWELL.

When a bond, or deed, comes in question incidentally, and solely for the purpose of proving that such an instrument was executed, its execution need not be proved by the subscribing witnesses,—nor, *Per* WILLIAMS, CH. J., is its production necessary.

Where, in order to prove that the collector of a land tax had executed a bond to the committee appointed to superintend the expenditure of the tax, as required by statute, the bond itself was produced, it was held that its execution might be proved by one of the committee, to whom it was executed, and that it was not necessary to call the subscribing witnesses, although they were living, and within reach of process.

EJECTMENT to recover lot No. 10 in the 11th range, and lot No. 10 in the 12th range, of lands in the town of Victory.

The plaintiff claimed title to lot No. 10 in the 11th range by virtue of a deed from Isaac Denison, collector of a tax of three cents upon each acre of land in said town, granted by the legislature of this state at their October session, 1836, and, in support of his title, offered in evidence a bond, in the penal sum of $1250, purporting to have been signed by said Denison as principal, and Lucius Denison as surety, and witnessed by G. W. Denison and Anson Coe, and conditioned for the faithful discharge, by Isaac Denison, of his duties as collector. And the plaintiff claimed title to lot No. 10 in the 12th range by virtue of a vendue deed signed by Oliver P. Chandler, collector of a tax of three cents upon each acre of land in said town, granted by the legislature at their October session, 1830, and, in support of said title, offered in evidence a bond, purporting to have been signed by said Chandler, with surety, and witnessed, and executed to the committee appointed to superintend the expenditure of said tax, in pursuance of the statute. The defendant objected to the admission of said bonds without proof of their execution. The plaintiff then offered to prove the execution of said bonds by the said Isaac Denison, who was one of the committee appointed to superintend the expenditure of the tax granted in 1830 ; to whose admission the defendant objected, upon the ground that the execution of the bonds must be proved by the subscribing witnesses,—they being then living in this state ; but the county court overruled the objection, and admitted the testimony of said Denison, to prove that the bonds were duly executed and delivered to the committee, and then allowed said bonds to be read in evidence to the jury, without requiring the subscribing witnesses to be called ; to which decisions the defendant excepted.

The jury returned a verdict for the plaintiff for lot No. 10 in the 12th range.

*D. Hibbard, Jr.,* for defendant.

The law requires the testimony of the subscribing witness to a deed, in order to prove its execution, or that his absence be accounted for, and his hand writing be proved. 1 Stark. Ev. 327, 328, 330, 331, 363, 373. 2 Ib. 475.

On the part of the plaintiff the case was submitted without argument.

The opinion of the court was delivered by

WILLIAMS, CH. J.   The plaintiff claimed title to the premises in question by virtue of two vendue deeds, and, in order to show that the collectors ·have complied with the directions of the statute, which requires a collector to give bonds, before he enters upon the duties of his office, to the committee appointed to superintend the expenditure of the tax, the bonds were produced.   The defendant required that the subscribing witnesses should be produced.   The court held that the evidence of one of the committee, to whom the bond was given, was sufficient.   With respect to one of these bonds, to wit, the one executed by Denison, when he was collector, it does not distinctly appear how that was proved.   The collector himself might not have been a competent witness, if objected to on account of interest; but no objection appears to have been taken on this ground, and the only decision, which the court made, was, that the subscribing witnesses need not be called, but that the giving the bonds might be proved by the committee.

Whenever a bond, or a deed, is the foundation of an action, or when it becomes a necessary part of a title, it is necessary that it should be proved in the usual way; but when it comes in question incidentally, solely for the purpose of proving that such an instrument was executed, neither is the production of the bond, nor, if produced, is the proof of the same by the subscribing witnesses, necessary.   In some cases, even, where production of a bond is necessary, as a part of the case to be proved, proof of its execution is unnecessary.   In an action against a sheriff, for taking insufficient sureties on a replevin bond, the bond, produced by the defendant, may be read in evidence without proof of its execution.   *Scott* v. *Waithman*, 3 Stark. R. 169.   The contents of a writing, which does not constitute the ground of the action, and is only collateral to the suit, and is not in the custody of the parties, may be proved by parol.   *Wood* v. *Morris*, 12 East 237, and notes.   *Stevens* v. *Pinney*, 8 Taunt. 325, [4 E. C. L. 117.]   *Hurd* v. *Tuttle et al.*, 2 D. Ch. 43.

In the case under consideration the execution and delivery of the

bond come in question only incidentally. The defendant has no interest in the bond, nor is the plaintiff to keep or have it in his custody, nor is there any provision that it should be kept, or retained, by the committee; and when the collector has collected and paid over the amount of the tax, the bond is satisfied. I can see no good reason for requiring of a purchaser under a vendue any evidence of the execution of a bond, except on the ground that such have been the adjudications of the court. In the case of *Coit* v. *Wells*, 2 Vt. 318, the only evidence that the collector had given a bond was the receipt of the committee; and although the proceedings of the collector, in that case, were scrutinized, and very stringent rules were laid down in regard to the proof necessary to sustain a sale of lands for taxes, yet it was not intimated that this *testimony*, as to the giving the bond, was inadmissible. The receipts of the committee have frequently been relied on to prove the giving the necessary bonds, without objection. The time of giving the bond may be material, and this can as well, or better, be proved by the committee, as by any other testimony,—or by their receipt.

We can see no good reason for requiring that the execution of the bond should be proved by the subscribing witnesses; but, taking into consideration the object for which this proof was offered, we think that the testimony of the committee themselves was competent and proper evidence to be received. The judgment of the county court is therefore affirmed.