## SOWLES v. WITTERS et al.

### (Circuit Court, D. Vermont. January 11, 1893.)

1. ATTACHMENT—LIEN—LACHES—VOID JUDGMENT.

Though under Rev. Laws Vt. § 1542, the land attached on mesne process, unless set off to the creditor, or sold within five months after final judgment, becomes subject to attachment by other creditors, who may then seize and hold it as against the prior attachment, the right of such prior attaching creditor to sell after the expiration of the five months is not affected by attachment and sale under a void judgment, rendered upon the defendant's stipulation for the purpose of avoiding his rights.

2. EXECUTION—SALE OF LAND—ADVERTISEMENT.

   Where the advertisement of the sale under execution of land situated in several towns describes each parcel in each town by towns, and specifies as to those in each town that the sale will be at an hour named, on the premises, the latter expression will be construed distributively as applying to each of the premises, and the advertisement is a sufficient compliance with Laws Vt. 1884, No. 139, § 2.

3. HUSBAND AND WIFE—EXECUTORS—TRUSTEE.

   Where money is bequeathed to a wife in trust to pay the interest thereon to her daughter, and her husband, being the executor, collects the money, and never pays it over to his wife, the wife does not become liable to the daughter because of an understanding that she is to pay a certain annual sum in lieu of interest; and a judgment entered by consent in favor of the daughter against the mother for money assumed to be due under such agreement is void, as against an attaching creditor.

4. FEDERAL COURTS—FOLLOWING STATE DECISIONS.

   Under Rev. St. § 916, adopting the laws of the states relating to remedies on judgments at law, the construction placed upon such laws by the highest court of the state, while not absolutely binding on the federal courts, is entitled to great, and almost controlling, weight.

In Equity. Suit by Susan B. Sowles against Wellington B. Witters and Chester W. Witters, receiver of the First National Bank of St. Albans, to remove a cloud on plaintiff's title to land. Bill dismissed.

Edward A. Sowles, for oratrix.
Chester W. Witters, for defendants.

WHEELER, District Judge. The oratrix is a daughter of Edward A. and Margaret B. Sowles. He was the executor of a will bequeathing $25,000 to his wife in trust for, and for payment of the annual interest thereon to, this daughter. The wife had lands which the defendant receiver attached in a suit for an assessment upon stock in which he recovered judgment at the February term of this court, which ended May 9, 1889, for $49,806.67, with costs, and took out execution thereon against her returnable in 60 days, instead of the next term, as required by rule 8 of this court, which was levied upon the lands attached. Upon the discovery of this mistake a suit was brought in the name of the oratrix against her mother in Franklin county court of the state. The receiver was summoned as trustee of the defendant, and the same lands, except one parcel claimed by the oratrix under a contract with Asa Owen Aldis, were attached therein. The receiver afterwards took out another execution, returnable to the next term, and caused the lands attached in his suit, in controversy here, to be levied upon and sold thereon to Wellington B. Witters. The sale was completed within five months after this levy, but not till more than that time after the judgment. The receiver was discharged as trustee from the suit of the oratrix, and afterwards judgment was rendered therein for the plaintiff on stipulation signed by the defendant for $9,587, with costs. Execution was taken out upon this judgment, and levied upon the lands attached, which were seasonably sold. This suit is brought to remove the cloud of the receiver's levy, against which many defects are alleged, from the title of the oratrix. The defend-

ants answer that the contract with Aldis belonged to Margaret B. Sowles, set up that the judgment of the oratrix was had without foundation to avoid the rights of the receiver, and was void, and deny any material defects in the receiver's levy.

The case shows that Margaret B. Sowles did have an interest in the Aldis contract and lands covered by it which might be taken on execution; and that a new contract referring to it was made between the oratrix and Aldis, with her consent, which might leave her interest remaining, and still so liable. What that interest was does not exactly appear, and it cannot be now settled here. It was sufficient to show that the oratrix is not entitled to a decree here, because her mother had no interest in the lands.

By the laws of the state as resorted to and made a part of the laws of the United States, real estate attached on mesne process is "held five months after rendition of final judgment, and no longer." Rev. St. U. S. § 916; Rev. Laws Vt. 1542; rule 11. The highest court of the state has held that the sale must be completed within the five months to preserve the lien by attachment. Whipple v. Sheldon, 63 Vt. 197, 21 Atl. Rep. 271. That construction of the statutes of the state by that court, although not absolutely binding upon the meaning of them as a part of the laws of the United States, is entitled to great, and almost controlling, weight, and is followed here. Butz v. Muscatine, 8 Wall. 575; Supervisors v. U. S., 18 Wall. 71. The defendants must therefore stand upon the levy and sale on the second execution of the receiver. This makes an inquiry into the validity of the judgment and proceedings in the name of the oratrix necessary. The statute 13 Eliz. c. 5, has long been a part of the statutes of this state. Rev. 1787, 111; R. L. § 4155. It provides that "all suits, judgments, and executions made or had to avoid a right, debt, or duty of another person shall, as against the party only whose right, debt, or duty attempted to be avoided, his heirs, executors, administrators, and assigns, be null and void." The testimony of Margaret B. Sowles has been taken by the defendants, in which she states that notes and leases reserving rent were delivered to her as trustee to nearly the amount of the legacy of $25,000 for her daughter, in 1880, and assigned to her in 1883 or 1884, and refers to a specification not filed as of her indebtedness to the oratrix, on which judgment was rendered for "rents, moneys, etc., owing from January 18, 1884 to 1885, $1,250," and so for each year to January 18, 1889, and for "Barney money, April 10, 1886, $1,700," amounting, without interest, to $7,950, and with interest to $9,587. She further states that the Barney money was principal, and was paid to her husband in her presence. She admits having testified repeatedly August 12, and 13, 1886, that she had not received any rents nor money as trustee for her daughter up to that time, except some which she had paid out for her schooling, which she states was correct; and that other money was paid to her husband for her, but when and to what amount she could not tell; that she had no account of money received; that the amounts specified were agreed to as due because she was to pay her daughter $1,500 interest yearly.

The testimony of Edward A. Sowles has been taken for the oratrix

without examination in chief as to the foundation of the judgment. He was asked: "Interrogatory 9. What was the consideration of the debt upon which said suit was brought? Answer. Margaret B. Sowles' indebtedness to Susan B. Sowles for moneys as trustee under H. Bellows' will, which she owed Susan B. Sowles, and agreed to pay her individually, and was individually liable therefor." The sums specified as accruing before August 12, 1886, amount, without interest, to $4,200, and with interest to $5,424.50. Thus considerably over half of the judgment appears to have been rendered as for moneys received which clearly had not been received, and the evidence does not show that any of the residue was for money actually received. The judgment seems to have been made up on the assumption that the trustee had received securities to the amount of $20,833.33⅓, and would be liable for interest on that amount, whether she had received it or not, and for the Barney money, although she had not received it, and it would be principal on which she was only to pay the interest.

The statute of the state authorizing married women to make contracts does not authorize becoming surety for the husband's debts. Laws Vt. 1884, p. 120. The husband was executor, and liable for assets of the estate received by him, and the wife could not make herself liable for the same by stipulating as trustee that they might go into a judgment against her. This judgment was without foundation; was obviously, from the circumstances, had to avoid the right of the receiver to levy his execution upon this land; and by the express words of the statute was, with the execution issued upon it, null and void as against the receiver, being so absolutely void it does not stand in the way of the receiver's levy and sale.

The principal objections against that levy are that the return of the marshal on the execution was not recorded in the town clerk's office, and did not, when made, show notice to the debtor, nor sufficient advertisement, or publication three weeks successively, of the time and place of sale. Formerly real estate was not sold on execution, but was set out on appraisal by freeholders to the creditor. The return of the officer was required to be recorded in the town clerk's office, and returned whence issued, and there recorded. Rev. Laws, §§ 1569, 1573, 1927. No deed was given. This record was the extent of the creditor's title. That the record in the town clerk's office had been made was to be shown by the return, and the return must be made within the life of the execution according to its command, but the record of the return need not be made till afterwards. Perrin v. Reed, 33 Vt. 62. At this time real estate might, (Laws 1884, No. 139, § 1,) "instead of being appraised and set off to the creditor, be sold on execution in the manner hereinafter prescribed." The manner prescribed was by public auction to the highest bidder, and deed, "which, being recorded in the town clerk's office," should "give to the purchaser all the debtor's title to the land so sold." Section 2: The auction must be on sixty days' notice in writing to the debtor, and advertisement, published three weeks next before, of the time and place. Section 3: The sale may be after the return day of the execution. The officer is to make return with-

in five days after the sale, "but the title of the purchaser shall not be affected by any failure on the part of the officer to make the return as aforesaid." Section 5: A form of deed is given which recites the proceedings, and nothing else is required to be recorded. The substitution of the sale and deed for the appraisal and set-off substituted the requirements of the former for those of the latter when the former is used. U. S. v. Claflin, 97 U. S. 546.

The notice to the debtor of the sale of real estate is required, "that the owner thereof may have an opportunity to redeem the same." Laws 1884, No. 139, § 3. It is no part of the levy or sale, and is somewhat like the demand required of the sum to be levied. Rev. Laws, § 1547. The failure to make such demand does not invalidate the levy. Collins v. Perkins, 31 Vt. 624. The notice is, however, shown to have been in fact given. The advertisement is shown in the bill, and shown by proof to have been in fact published as required.

The principal criticism upon that is that it relates to several parcels in each of several towns, and does not name time and place as to each parcel. But it describes each parcel in each town, by towns, and specifies as to those in each town that the sale will be at an hour named, on the premises. This expression is used distributively, and applies to each of the premises. The advertisement appears to have been fully understood by all concerned, as it was followed in making the sale, and to have been sufficient. As the title would not be affected "by any failure" to make return, the failure to make full return in these respects would not affect it.

These proceedings are similar to those of sales of lands for taxes, and such parts of them as are not required to be shown in a particular way may be shown otherwise by any competent evidence. Chandler v. Caswell, 17 Vt. 580. And if these are required to be shown by return made at some time as the best evidence, the return has by leave of court been amended according to the facts, which seems to be allowable. Brainard v. Burton, 5 Vt. 97; Bent v. Bent, 43 Vt. 42. Deeds not criticised were given by the marshal to the purchaser and recorded, which, according to the statute, appear to give the purchaser, the defendant Wellington B. Witters, "all the debtor's title to the lands so sold."

Suggestion is made that the bids are not paid, but that is a matter wholly between the purchaser, creditor, and debtor. The execution is returned satisfied to the amount of the bids, which is sufficient as to all. Bill dismissed, with costs.