## HOLMES *v.* TAYLOR.

MORTGAGE.—*Foreclosure.—Jurisdiction Where Lands Lie in Different Counties.* Where tracts of land situated in different counties are embraced in one mortgage, the court of either county has jurisdiction to foreclose the mortgage and order the sale of the land.

SAME.—*Sheriff's Sale.—Sale of Mortgaged Lands.*—Where tracts of land situated in different counties are embraced in one mortgage, and ordered to be sold upon a foreclosure of the mortgage by the court of a county wherein one of the tracts is situated, each tract must be sold at the door of the court-house of the county wherein it is situated.

From the Scott Circuit Court.

*W. K. Marshall,* for appellant.

*E. C. Devore,* for appellee.

DOWNEY, J.—This was an action for the recovery of real property, by the appellant against the appellee. The answer was a general denial. The trial was by the court, without a jury. There was a finding for the defendant, a motion for a new trial overruled, and judgment for the defendant. The refusal of the court to grant a new trial is the alleged error.

The facts, in substance, are, that a tract of land of forty acres, about fifteen acres of which were in Scott county and the residue in Jackson, the Muscatatuk river, forming the boundary between the two counties, running through the tract, was mortgaged. This mortgage was foreclosed in the Jackson Cir-

cuit Court, and the mortgaged premises ordered to be sold. An order of sale was issued to the sheriff of Jackson county. He advertised the lands in both counties, but sold it all at the door of the court-house in Jackson county. The defendant claims under one who purchased at the sheriff's sale.

The question is, whether the sheriff of Jackson county could sell the part of the land which lies in Scott county at the door of the court-house in Jackson county. The court had jurisdiction, no doubt, to render the judgment of foreclosure as to all the land. 2 G. & H. 7, sec. 9, and 2 G. & H. 56, sec. 28. Upon a foreclosure, the premises are to be sold by the sheriff, on a copy of the order of sale, "as upon execution." 2 G. & H. 295, sec. 636. Real estate taken by virtue of any execution must be sold at public auction, "at the door of the court-house of the county in which the same is situated." 2 G. & H. 249, sec. 466.

Looking at this case alone, where only the stream forming the boundary between the counties divides the mortgaged premises, it appears somewhat technical to hold the sale invalid as to the part of the land in Scott county. But, if we hold this sale valid, the same rule would require us to hold a sale valid where the two parcels of land, covered by the same judgment of foreclosure, lie at a distance from the county boundary, or even in the most remote counties in the State. This, it seems to us, is a construction which would defeat the main object of the statute requiring land to be sold at the door of the court-house of the county in which the land is situated.

Counsel for the appellee refers us to 2 G. & H. 7, sec. 9. But we do not see anything in that section which meets the objection made to the sale in question. Counsel also cite the case of *White* v. *Cronkhite*, 35 Ind. 483. The cases are wholly different. Here, there was no order of sale issued which authorized the sale that was made. The defendant is not an innocent purchaser, within the meaning of the term, if that would protect him. He has not paid for the land.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.