## THACHER v. DEVOL ET AL.

REAL ESTATE.—*Sale on Execution from United States Court.— Void Sale.*—A sale of real estate located in Shelby county, made in 1841, by a United States marshal, by virtue of an execution issued on a judgment obtained in 1838 in the United States Circuit Court for the District of Indiana, where the sale was made at the State House door in the city of Indianap-olis, in Marion county, no notice of the sale having been given except in the counties of Marion and Laporte, though there were weekly newspapers of general circulation published in Shelby county, was void.

SAME.—Such sale could not be made in Marion county.

SAME.—*Effect of Such Sale.*—Such sale did not divest the title of the judg-

ment defendant to the real estate, but the title was in him unaffected by the statute of limitations, when, in 1852, dower was abolished by the legislature and an estate in fee simple substituted therefor.

SAME.—*Right of Widow.*—*Statute of Limitations.*—Upon the death of such judgment defendant, in 1858, his widow immediately became the owner of one-third of such real estate, and she had twenty years within which to assert her right, after the death of her husband.

From the Shelby Circuit Court.

*K. M. Hord* and *A. Blair,* for appellant.

*C. Wright, G. M. Wright, B. F. Love,* and *W. Z. Conner,* for appellees.

WORDEN, J.—Complaint by the appellant against the appellees for the partition of certain real estate therein described, situate in said county of Shelby. Demurrer to the complaint, for want of sufficient facts, sustained, and exception. Final judgment for the defendants.

The assignment of error brings in review the correctness of the ruling upon the demurrer.

The material facts alleged in the complaint are, that the plaintiff is the widow of David Thacher, deceased; that she and her husband were married in 1825, and that she continued to be his wife until the time of his death, which occurred December 10th, 1858; that in September, 1837, her husband became seized in fee of the land in controversy; that at the May term, 1838, of the circuit court of the United States for the district of Indiana, two several judgments were rendered against her husband and another, and in 1841 two several executions were issued upon the judgments and placed in the hands of the marshal of the district; that by virtue of these judgments and executions the land in controversy was levied upon, and in May, 1841, was sold by the marshal at the State House door, in the city of Indianapolis, in the county of Marion, in this State, no notice or publication of the sale having been given or made, except in the counties of Marion and Laporte, though there were then two weekly newspapers of general circulation published in said county of Shelby; that at the sale the defendant Sorden bid on the land the sum of one hun-

dred and eleven dollars, the same being then worth one thousand, and the land was knocked off and sold to him at his said bid ; that in June of the same year, the marshal executed a deed to Sorden for the land. Neither the levy, return, nor deed shows in what county or state the land is situate. The appellant was not a party to the judgments. Sorden, in 1851, sold and transferred the land to Thomas Devol, and in November, 1871, Thomas sold and transferred the same to Clark R. Devol. There are some other allegations in the complaint, not necessary to be noticed. Prayer, that one-third of the land may be set off to the plaintiff.

The important question arising in the cause is, whether the sale of the land by the marshal to Sorden was void ; and we are of opinion that it was.

We pass over the question as to the want of the proper notice of the sale, and the. alleged uncertainty in the description of the land. The sale of land lying in Shelby county could not have been made by the marshal in Marion county. This point was so well considered in the case of *Jenners* v. *Doe*, 9 Ind. 461, that we deem it unnecessary to enter upon a further examination of the question. That case involved a marshal's sale made about the same time as the one here. The court in that case said : "There was no law of Congress prescribing the duties of the marshal in making the sale, and hence he was left to the law of Indiana, as it existed when adopted by the circuit court of the United States, under the act of Congress. *Simpson* v. *Niles*, 1 Ind. 196. By that law, sales of real estate on execution were to be advertised and made in the counties respectively where the real estate existed. They could take place in no other. The sheriff, by whom they were to be advertised and made, was simply a county officer, and could not act out of his county. A judgment in one county had to be enforced against the lands of a defendant in another county, through the sheriff of such other county. And executions from the Supreme Court are enforced by the county sheriffs. But were there no law controlling the matter, except the discretion of the marshal, we should have no

hesitation in deciding that the sale, in this case, out of the county, was void, upon the same ground that we would decide a sale void for any other abuse of discretion, or power, in the sheriff in making a sale, where a great sacrifice of property was produced. Purchasers of property at sheriffs' sales, as a general rule, are to be found in the vicinity of the property. These would be the persons who would know its value and be likely to want to possess it. But how could it be expected that persons would come one hundred and fifty miles, from Posey to Marion county, to attend a sheriff's sale? It would be equally as improbable that they would do so, as it would be that persons in Marion county would know the value of, or desire to obtain, property in Posey county. Such sales would be but modes of depriving debtors of their property, without consideration."

The proposition that lands levied upon must be sold at the door of the court-house of the county in which they are situate is now expressly embodied in the statute. 2 G. & H. 249, sec. 466. See, also, *Holmes* v. *Taylor*, 48 Ind. 169.

The marshal's sale of the land to Sorden being void, for the reason stated, the latter acquired no title thereto. The title still remained in Thacher, and was in him when, in 1852, the legislature abolished dower and substituted a fee simple in favor of the surviving wife. Act regulating descents, etc., 1 G. & H. 291.

We have held, in the case of *Bowen* v. *Preston*, 48 Ind. 367, that in case the husband was disseized at the time of the passage of this act, the land having been held adversely by another for the period of twenty years, and the husband dying after the passage of the act, the surviving wife was entitled to neither dower nor one-third of the land in fee. She was not entitled to dower, because the act abolished dower, while her right was merely *inchoate*, and not consummate. She was not entitled to one-third in fee, because the husband, at the time of the taking effect of the act, had no title upon which the law could operate, he having lost the same by the adverse possession of

another, whose possession had ripened into a perfect title. See, also, on the subject of adverse possession, the case of *Leffingwell* v. *Warren,* 2 Black, 599, 605, where the court says: " The lapse of the time limited by such statutes" (statutes of limitation) " not only bars the remedy, but it.extinguishes the right, and vests a perfect title in the adverse holder."

It does not appear from the complaint when Sorden, the purchaser at the marshal's sale, entered into possession of the land, the only allegation on that subject being that the defendants have received the sum of two thousand dollars as rents and profits from the use and occupation of the land. But assuming that Sorden took possession immediately upon his purchase in 1841, the question arises whether there was any statute of limitation under which his possession and that of those claiming under him had ripened into a perfect title at the time of the taking effect of the act on the subject of descents above mentioned, and the right of Thacher to the land cut off by the lapse of the time limited for bringing his action to recover it. Twenty years was the period limited for bringing an action of ejectment generally. Rev. Stat. 1843, p. 799, sec. 44. This period had not expired when the act of 1852, on the subject of descents, took effect. There was, however, the following provision in the revised statutes of 1843, p. 456, sec. 13 :

" No action for the recovery of any real estate, sold as prescribed in the preceding sections of this article, shall be brought by the debtor or his heirs, or by any person claiming under him, by virtue of any title, right, or interest, acquired from or through the debtor after the rendition of the judgment or decree under which such sale was made, unless such action shall be brought within ten years after such sale."

Whatever may be the construction which should be placed upon this section otherwise, it is clear that it can have no application to the marshal's sale by virtue of execution issued from the federal courts ; for it is expressly limited to cases where real estate has been sold as prescribed in that article.

The article provides only for sales under the authority of the state courts.

There was, then, at the time the act on the subject of descents took effect, no statute of limitations that had, at that time, cut off the right of Thacher to the land, or had vested in Sorden, or those claiming under him, the title by lapse of time.

Thacher being then the owner of the land, it was competent for the legislature to provide that upon his death his wife should be entitled to one-third of it, if she survived him. See *Bowen* v. *Preston, supra,* and the cases there cited.

Upon the death of Thacher, in 1858, the plaintiff's right to one-third of the land, which up to that time had been merely *inchoate,* became consummate. She had twenty years within which to assert her right after the death of her husband; for until that event she had no right that could be enforced. The twenty years had not expired when the suit was brought.

We are of opinion, for these reasons, that the court below erred in sustaining the demurrer to the complaint.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.

Opinion filed November term, 1874; petition for a rehearing overruled May term, 1875.