Cargile v. Ragan.

Reversed and remanded.

# Cargile *v.* Ragan.

*Statutory Real Action in nature of Ejectment.*

65　287
98　341

1. *Certified transcript of record of chancery suit; contents, and sufficiency of certificate.*—In making out a transcript to be used as evidence in another court, a register in chancery should include, not only the entries and proceedings which constitute the final record of the cause (Code, §§ 637-8), but also all the papers in the cause which he is required to file and preserve ; but, when his certificate, appended to a transcript, states that it contains "a full, true and complete transcript of the record *and proceedings* in the cause," though informal, it will be held to include the papers on file.

2. *Sale by register in chancery; waiver of irregularities.*—Objections which might be urged against the confirmation of a sale by the register—as, that it was made at an improper time or place—are waived, if not made before the confirmation of the sale, and can not afterwards be set up, in an action at law by the purchaser, or one claiming under him, to impeach the validity of the sale.

3. *Adverse possession, as defense against purchase at sale under chancery de-*

Cargile v. Ragan.

*cree.*—If the defendant was in adverse possession of the land at the time of the sale by the register in chancery, at which the plaintiff became the purchaser, this is matter of defense to be proved by him ; but it is no reason for excluding as evidence the plaintiff's deed from the register when offered.

4.  *Parol evidence; admissibility of, to vary writing.*—As between the parties to a written contract, and their privies, all negotiations and stipulations, prior or contemporaneous, are merged in the writing ; and when the writing is complete in itself, parol evidence of such stipulations cannot be received.

5.  *Solicitors in chancery; appearance for adverse parties.*—The complainant's solicitors in a chancery cause may, without impropriety, prepare and sign formal answers for any of the defendants who admit the allegations of the bill and make no defense.

6.  *Conclusiveness of chancery decree, as to complainant's interest in subject-matter of suit.*—A decree in chancery in favor of the complainant is conclusive as to his interest in the subject-matter of the suit ; and in a subsequent action by him, or by a purchaser from him, against a person who was a party defendant to the suit, the latter can not be heard to insist that the plaintiff had no interest in the claim on which the suit was founded.

7.  *General charge on evidence.*—When there is no conflict in the evidence, and it clearly establishes the plaintiff's right to recover, it is the duty of the court to charge the jury, on his request, that their verdict must be for him if they believe the evidence.

APPEAL from the Circuit Court of Clay.

Tried before the Hon. H. D. CLAYTON.

This action was brought by John T. Ragan and James T. Houston, against William J. Cargile, to recover the possession of a certain tract of land, particularly described in the complaint ; and was commenced on the 31st July, 1876. The plaintiffs claimed title to the land under a deed from W. J. Cunningham ; and to show title in him, they offered in evidence a certified transcript of the record of a suit in the Chancery Court of Talladega, showing a sale by the register under the decree of the court, its confirmation by a subsequent decree, and the execution of a deed by the register to said Cunningham, as the purchaser at the sale. The bill in that case was filed, as the transcript showed, on the 1st June, 1870, by W. J. Cunningham, as sole complainant, against George W. Wilson, and the personal representative, widow, and children of William Cargile, deceased ; and sought to enforce a vendor's lien on said lands, for a part of the purchase-money alleged to be due on the purchase by said Cargile from said Wilson. According to the allegations of the bill, Wilson sold the lands to Cargile on the 17th November, 1859, and executed to him a bond conditioned to make titles on payment of the purchase-money ; and Cargile gave his note for the purchase-money, payable on the 1st January, 1861, and was let into possession under the contract. Cargile died in April, 1861, not having paid the purchase-money ; and the bill alleged that the complainant was the owner of the unpaid note. The bill alleged, also, that the lands were sold by the administrator of said Cargile's estate, in Febru-

[Cargile v. Ragan.]

ary, 1863, under a pretended decree of the Probate Court, and were bought at the sale by Mrs. Sallie Cargile, the widow; and she and one of her sons were in possession, asserting title under her said purchase, when the bill was filed. William J. Cargile, the defendant in this suit, who was a son of said William Cargile, deceased, was made a defendant to the bill; and a decree *pro confesso* was regularly entered against him, on personal service. George W. Wilson having died pending the suit, the cause was revived against his administrator and heirs; and the heirs appeared, and filed a formal answer, admitting all the allegations of the bill. At a regular term in August, 1871, on final hearing on pleadings and proof, the chancellor held the complainant entitled to the relief prayed in his bill, and ordered a reference to the register to ascertain the amount due on the note; and the register having made his report, a decree was rendered on a subsequent day, ordering the register to sell the lands "as required by law of sheriffs on sales of land under execution," and to make report of the sale at the next term. At the February term, 1872, the register reported that he had sold the lands, after advertisement as required by law, before the door of the court-house in Talladega, on the 2d October, 1871, and that W. J. Cunningham, the complainant in the suit, was the highest and best bidder at the sale; and at the ensuing August term, 1872, the report was confirmed without objection, and the register was ordered to make a deed to the purchaser, conveying to him all the right and title of all the defendants to the lands described in the bill, and to issue a writ of possession to the sheriff.

The register's certificate, appended to the transcript offered in evidence, was in these words: "I, G. K. Miller, register in chancery," &c., "do hereby certify, that the foregoing pages, numbered from one (1) to thirty-six (36), inclusive, contain a full, true and complete transcript of the record and proceedings in the cause (No. 737) of Wm. J. Cunningham, complainant, against Sallie Cargile, William Cargile," and others named, "defendants, lately pending in said Chancery Court, as the same appears of record and on file in my office," &c. The defendant objected to the admission of the transcript as evidence, "because the register does not certify that it contains a full, true, and complete transcript of the record, proceedings, and papers on file, in the said cause No. 737; and because the original bill and entire pleadings show that, at the commencement of said suit, and at the time of the sale by the register, the land was situated in Clay county; and because the register's report of the sale shows that the lands were situated in Clay county, and were

(19)

[Cargile v. Ragan.]

sold by him at the court-house door in Talladega, and the said sale is therefore void." The court overruled the objections, and the defendant excepted. The plaintiffs then offered in evidence the register's deed to Cunningham, and Cunningham's deed to them, the latter being dated the 1st January, 1875. No objection was made to the admission of the deed from the register, and the execution of the deed from Cunningham to the plaintiffs was admitted; but "the defendant objected to said deed being read in evidence, because the lands thereby conveyed were, at the date of its execution, in the possession of said defendant, who was claiming them as his own." The court overruled the objection, and admitted the deed; and the defendant excepted.

The plaintiffs then proved the value of the annual rent of the land, and closed. The defendant then introduced as a witness the administrator of the estate of said William Cargile, deceased, who testified, in substance, that he sold the lands as administrator, under a decree of the Probate Court; that Mrs. Cargile, the widow, who was then in possession, became the purchaser at the sale, and complied with the terms of sale; and that he had notice, at and before the sale, of the unpaid note for the purchase-money, which had been duly presented to him. The defendant then testified, as a witness for himself, "that he bought the lands from his mother, Mrs. Sallie Cargile, in 1863, and went into possession of them under that purchase, and claimed them as his own ever since, and had paid taxes on them since 1865; that he had resided upon said lands, and cultivated them, and appropriated the rents to his own use; and that his possession had been open, notorious, exclusive, and continuous;" and he proved, also, that he refused to surrender the possession, when demanded by plaintiff's agent. The plaintiffs then introduced as a witness the deputy-sheriff, to whom the writ of possession in the chancery suit was delivered to be executed; and who testified, that when he went on the lands, for the purpose of putting Cunningham in possession, "the weather was cold and inclement, and, to avoid the necessity of putting defendant and his family out of doors, an agreement to rent was drawn up, and signed by defendant and his wife; which agreement was produced, "and was signed and delivered," as the witness stated, "to Houston, as agent for said W. J. Cunningham, and said defendant was then permitted to remain on the land."

This agreement was as follows: "Be it known, that we, William Cargile and Susan A., his wife, agree to pay James Houston, agent for W. J. Cunningham, the sum of $25, for the rent of the houses and lands on which William Cargile

[Cargile v. Ragan.]

this day resides ; it being understood and agreed upon, by the parties in interest, that the making of this note does not in any manner act to the prejudice of William Cargile, in any suit or claim that he may hereafter set up, either in law or equity, to said lands. Said note is not to be paid until the termination of the suit, and is to be null and void if the said William Cargile gains the land. If the said William Cargile does not commence his suit during the present year, then this rent note is to be due on the 25th day of December next. March 6, 1874." (Signed by said Cargile and wife.) The defendant " proposed to prove, on cross-examination of said witness" [the deputy-sheriff], "that said instrument did not contain the entire agreement, as made at the time it was signed : that it was expressly agreed, between said Houston and Cargile, that said agreement or contract should not be used as evidence in any event against said Cargile, in a suit or action involving the title to said lands." The court sustained an objection to this evidence, and excluded it; to which the defendant excepted.

The defendant introduced a witness, who testified that the youngest child of said George W. Wilson, for whom (with the other heirs) a formal answer was filed in the chancery suit, admitting the allegations of the bill, was at that time under twenty-one years of age, and that he so informed the solicitor who wrote and signed the answer; and this evidence seems to have been admitted without objection. He proposed to prove, also, that the solicitor who wrote and signed the answer for said heirs, as defendants in that suit, was one of the solicitors for the complainant in the suit; and he reserved an exception to the exclusion of this evidence, on plaintiffs' objection. He proposed to prove, also, by said William J. Cunningham, on cross-examination, "that he (said Cunningham) did not, at any time, have any interest in the note mentioned as the cause of action in said bill of complaint;" but the court excluded this evidence, on objection by the plaintiffs, and he excepted.

"The foregoing being all the evidence in the case, the court charged the jury, at the request in writing of the plaintiffs, that they should find for the plaintiffs, if they believed all the evidence;" to which charge the defendant excepted, and he now assigns it as error, together with the adverse rulings on the evidence, as above stated.

J. T. HEFLIN, for the appellant.

The docket does not show who appeared for the appellees.

BRICKELL, C. J.—1. The certificate of the register affirms that the transcript to which it is appended contains "a full, true, and complete transcript of the record and proceedings in the cause," &c. The record the register is required to make and preserve in his office, of a cause disposed of by a decree on the merits, does not comprehend all that must be embraced in a transcript which is certified to be used as evidence in other courts. Commissions to take depositions, and depositions, he is not required to introduce into the final record. These it is his duty to make, file, and preserve. When certifying the record, to be used as evidence in another court, he must make a transcript of all the papers on file in his office relating to the case, which have not been entered of record, as well as of the record; and it is this transcript which, when duly certified, has the force and effect of evidence in other courts of this State.—Code of 1876, §§ 637–8. The certificate of the register would have been more formal if it had employed the words of the statute, and affiirmed that the transcript contains, not only the record, but the *papers on file.* These papers, however, were necessarily *proceedings in the cause*; and it is but a fair interpretation of the certificate, to construe these words as embracing and intended to embrace the *papers on file.*

2. The sale by the register was subject to confirmation by the court, and until confirmation it was incomplete, conferring only inchoate rights. Its confirmation rested in the sound discretion of the court; and if irregularities intervened in making the sale—if it was made at an improper time or place—these irregularities were the subject of exception to its confirmation. If not made the subject of an exception, they are cured by confirmation; and afterwards it must be intended, that the court, in confirming, ascertained and adjudged that no injury had resulted from them. Certainly, a party to the suit, having full opportunity to except to the report of sale, because of them, and who was silent, can not be heard collaterally to question the validity of the sale, because of them. It is not of importance, therefore, to inquire whether the sale of the register ought to have been made in Clay county, where the lands were situate, instead of Talladega county, where the court was held. The appellant, when he had the opportunity of contesting, and when, if dissatisfied, he ought to have complained, acquiesced in the sale, and can not now question its validity.

3. If the appellant was in the adverse possession of the lands, at the time of the sale and conveyance made by Cunningham to the appellees, it was matter of defense, the burden of proving which rested upon him. The court could not

[Cargile v. Ragan.]

assume it as proved, and exclude the conveyance as an instrument of evidence.

4. All previous or contemporaneous verbal stipulations are presumed to be merged in a written contract. Between the parties, or privies, parol evidence of them is inadmissible, to alter, vary, or contradict the writing. Without an invasion of this rule, the court could not have received the evidence offered, that the written contract of renting, into which the appellant had entered, on its face complete, did not contain the entire agreement, or of the terms supposed to have been omitted.

5. If there was any irregularity in the appearance of one of the solicitors of Cunningham in the suit in chancery, as solicitor for some of the respondents, it can not affect the validity of the decree. Nor is it easy to perceive of what interest it was to the appellant, who was a party, having the full opportunity of making defense, and protecting himself from injury because of the irregularity. It is proper to say, however, that there is nothing found in this record indicating that in it there was the least impropriety. The answers are no more than admissions of the allegations of the bill; and there could be no impropriety in a solicitor for the complainant drawing and filing them, for the convenience of the respondents, when they freely and voluntarily requested it, as must be presumed.

6. Nor was it permissible in this suit, or in any collateral proceeding, to enter on the inquiry, whether the complainant, Cunningham, had any, or what interest, in the note upon which the decree of the Chancery Court was rendered. The want of interest was matter of defense, and the decree is conclusive of all matters of defense which could have been urged against its rendition. It is conclusive, as against the appellant, that Cunningham was the proper party complainant, and that the money adjudged was due to him.—*Mervine v. Parker*, 18 Ala. 241.

7. When there is no conflict in the evidence, and it clearly establishes the right of the plaintiff to recover, if the court is requested, it is a duty to charge the jury that their verdict must be for the plaintiff.—1 Brick. Dig. 535, § 3. That was the condition of the case, when the evidence was closed; and without error the court could not have refused the general charge requested and given.

Affirmed.