[No. 1958.   Decided November 12, 1895.]

DAVID MURRAY, *Appellant*, v. JOHN A. SHOUDY *et al.*,
*Respondents.*

APPEAL — WHEN EXCEPTIONS TO FINDINGS UNNECESSARY — RECORD —
EVIDENCE IN NARRATIVE FORM — FRAUDULENT CONVEYANCE — IN-
ADEQUACY OF CONSIDERATION — EVIDENCE — PLEADING.

When a judgment of non-suit has been ordered, without the
making of findings of fact and conclusions of law by the court, a
review of the questions of fact in the case may, nevertheless, be had
on appeal, as Laws 1893, p. 130, § 21, requiring exceptions to find-
ings of fact and conclusions of law in order to secure a review
thereof, is inapplicable.

The fact that a statement of facts is in narrative form will not
raise a presumption that the testimony is not all contained therein,
in the face of the certificate of the trial judge that the statement
and exhibits attached contain all the material facts, matters, things
and proceedings occurring at the trial.

In an action seeking to subject land, which had been conveyed
away by an insolvent debtor, to a judgment obtained against him,
evidence is admissible for the purpose of showing that the value of
the land was greatly in excess of the consideration for the transfer,
when it is charged in the complaint, by proper averment, that the
transfer was made in fraud of creditors.

The rule requiring matters constituting fraud to be pleaded is
sufficiently complied with, in an action to set aside an alleged fraud-
ulent conveyance, when the complaint alleges that "at the time
said deed was executed by the said John A. Shoudy and M. E.
Shoudy to the said Dexter Shoudy, the said John A. Shoudy and
M. E. Shoudy were wholly insolvent and unable to pay their debts;
that the said Dexter Shoudy is a son of said John A. Shoudy and
M. E. Shoudy, and plaintiff avers that said deed was so executed by
the said John A. Shoudy and the said M. E. Shoudy to said Dexter
Shoudy without any consideration therefor; that no money or thing
of value was paid or to be paid for said premises, but that such con-
veyance was made for the sole purpose of hindering, delaying and
defrauding the creditors of the said John A. Shoudy and M. E.
Shoudy, and particularly the plaintiff herein, and for the purpose of
placing said property beyond the reach of the creditors of said John
A. Shoudy and M. E. Shoudy, and for no other purpose whatever."

Appeal from Superior Court, Kittitas County.— Hon. CARROLL B. GRAVES, Judge.  Reversed.

*D. H. Carey*, and *Frank H. Rudkin*, for appellant.

*H. J. Snively*, and *Fred Miller*, for respondent Dexter Shoudy.

The opinion of the court was delivered by

DUNBAR, J.—This was an action brought in aid of a judgment which appellant had procured in the superior court of Kittitas county against respondent John A. Shoudy.  The allegations of the complaint were non-satisfaction of the judgment, the return of *nulla bona*, the insolvency of the respondent, John A. Shoudy, and the conveyance by him, joined by his wife, the respondent M. E. Shoudy, of the lands described in the complaint, to the respondent Dexter Shoudy, who is the husband of the other respondent, Hattie Shoudy.  It was alleged that the conveyance was made without consideration, and for the purpose and with the design of hindering, delaying and defrauding creditors, etc.  The respondents answered, denying the indebtedness of the respondent John A. Shoudy to the appellant, and the other allegations of the complaint in regard to the judgment.  They admitted the relationship of the parties and the conveyance of the premises described in the complaint to the respondent Dexter Shoudy, but alleged that the conveyance was made in good faith and for a valuable consideration, in payment of a valid and subsisting indebtedness then due and owing from the respondents John A. Shoudy and M. E. Shoudy to the respondent Dexter Shoudy.  On these issues the case was tried by the court and at the close of the plaintiff's testimony the court, on motion of the defendants,

granted judgment of non-suit, to which exception was taken. No findings of fact or conclusions of law were made by the court.

The respondents object to the trial of this case *de novo* in this court for the reason that no findings of fact were made by the court and that none were requested by the appellant. This court has held in several cases that, under the provisions of § 21, page 130, of the Laws of 1893, no question of fact would be reviewed by this court when exceptions to the findings of fact and conclusions of law had not been taken; but it seems to us that this case presents a different question. The only object of excepting to the findings is to bring the matter to the attention of the court, and the object in requesting the findings is to except to the same for the same reason. There was but one proposition announced by the court in this case, and that, it seems to us, was a legal proposition, viz., that, conceding the evidence introduced by the plaintiff to be true, as a question of law, it was not sufficient to sustain the allegations of the complaint, and no other finding could have been made by the court, and it would have been useless to have requested a finding which would have been simply a repetition of the conclusion already announced by the court.

It is also objected by the respondents that the statement of facts furnished by the appellant in this case was not such a statement as they should have been required to answer, or have been called upon to amend, and that, therefore, this court will not review the testimony from the fact that the presumption is that the testimony is not all here, it having been reduced to narrative form. This court could not reach such a conclusion without disregarding the certificate of the trial judge who testifies that the said statement

of facts and exhibits attached contain all the material
facts, matters, things and proceedings occurring at
the trial.

On the merits, we are of the opinion, from an in-
vestigation of the testimony, so far as it was admitted,
that the conclusion of the lower court, that the same
would not sustain the allegations of the complaint is
correct. This court in various decisions has made a
distinction between insolvent corporations and insolv-
ent individuals, so far as the application of their
funds is concerned, and we think, under all the decis-
ions heretofore rendered by us and under the authori-
ties generally, that, from the testimony in this case,
the transaction between John A. Shoudy and Dexter
Shoudy was a justifiable and legal one.

But it appears from the record that the plaintiff
offered to prove, by witness Leonhard, who testified
that he was familiar with the actual market value of
the lands and premises conveyed in the deed men-
tioned and described in the complaint, that the value
of the land so conveyed was greatly in excess of the
the sum for which the defendant, Dexter Shoudy,
claimed to be surety for the defendant, John A.
Shoudy (this conveyance having been made by
Shoudy, father, to Shoudy, son, in consideration of
a promise on the part of Shoudy, son, to pay certain
debts due from Shoudy, father). This testimony was
objected to by the respondents and the objection was
sustained by the court. This, we think, was plainly
error on the part of the court. It is suggested in the
brief of the respondents that, under the pleadings in
the case, this testimony was immaterial because the
complaint did not charge fraud. We think the
authorities cited under this head by the respondents
do not bear them out. They are simply to the effect

that general allegations of fraud are not sufficient but that the matters constituting the fraud must be pleaded. This proposition cannot, of course, be gainsaid, but it seems to us, from an examination of this complaint, which alleges that "at the time said deed was so executed by the said John A. Shoudy and M. E. Shoudy to the said Dexter Shoudy, the said John A. Shoudy and M. E. Shoudy were wholly insolvent and unable to pay their debts; that the said Dexter Shoudy is a son of said John A. Shoudy and M. E. Shoudy, and plaintiff avers that said deed was so executed by the said John A. Shoudy and the said M. E. Shoudy to said Dexter Shoudy without any consideration therefor; that no money or thing of value was paid or to be paid for said premises, but that such conveyance was made for the sole purpose of hindering, delaying and defrauding the creditors of the said John A. Shoudy and M. E. Shoudy, and particularly the plaintiff herein, and for the purpose of placing said property beyond the reach of the creditors of said John A. Shoudy and M. E. Shoudy, and for no other purpose whatsoever," that the particular circumstances or acts constituting the fraud are set out as explicitly as they possibly could be in a case of this kind. Considering the relations existing between the main actors in this transaction, the widest latitude should be given to the investigation of the question of fraud, and one of the surest indications of fraud in a transaction of this kind would be the showing that the property which had been placed beyond the reach of creditors was largely in excess of the consideration expressed, or of the amount of the debts alleged to have been the consideration; and while, in the absence of this showing, as we have before indicated, this court feels justified in affirming the decision reached by the lower

court, yet we are not prepared to say that we would feel so justified if it should appear that there was a material difference shown between the value of the land sold and the debt which was assumed.

For this reason the judgment must be reversed and the cause remanded with instructions to the lower court to admit the testimony rejected.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.