[No. 6742.   Decided June 4, 1907.]

CHARLES VIETZEN *et al.*, *Appellants*, v. J. T. OTIS *et al.*,
                    *Respondents.*[1]

ABATEMENT AND REVIVAL—TRANSFER OF INTERESTS—PARTIES—SUB-
STITUTION—QUIETING TITLE.   In an action to quiet title where the
plaintiff conveyed the premises pending the suit, an order substitut-
ing the purchasers as parties plaintiff, unexcepted to and unappealed
from, would probably authorize the prosecution of the suit by the
substituted plaintiffs; and certainly, where the conveyance pending
the action was satisfactorily proved.

QUIETING TITLE—POSSESSION—ACTION—FORM.   The failure of the
plaintiff in an action to quiet title to prove that he was in possession
or that the land was vacant and unoccupied, is not ground for dis-
missing the action.

ADVERSE POSSESSION—PAYMENT OF TAXES—QUIETING TITLE—DE-
FENSE.   In an action to quiet title, the payment by defendant of
seven years taxes on the property is not a defense, when the last
payment was made a few days prior to the commencement of the
action.

QUIETING TITLE—DEFENSES—LACHES.   An action to quiet title is
not barred by the laches of the plaintiff, if commenced within the
period fixed by the statute of limitations, and there is nothing to
warrant the court in fixing a shorter period.

MORTGAGES—FORECLOSURE—EXECUTION—PLACE OF SALE—PROPERTY
IN DIFFERENT COUNTIES.   Real property can be sold under execution
in a foreclosure case only in the county in which it is situated and
by the sheriff of that county, under Const. art. 4, § 6, providing that
process of the superior courts shall extend to all parts of the state,
Bal. Code, § 5890, providing that decrees of foreclosure shall be en-
forced by execution, and Bal. Code, § 5195, and Hill's Code, §§ 500
and 507, providing that the writ shall issue to the sheriff of the
county in which the property is situated, and for notice and sale in
such county; and an execution sale in one county, of lands situated
in two counties foreclosed in one action, is void.

SAME—EFFECT OF DECREE AND CONFIRMATION.   A mortgage fore-
closure sale of land situated in a county other than the one in which
the sale was had is not cured by a direction in the decree that the
sale be so made, or by confirmation of the sale.

[1]Reported in 90 Pac. 264.

TAXES—PAYMENT—EQUITABLE LIEN. The payment of taxes by persons in possession of land under a void execution sale entitles them to an equitable lien for the amount of the taxes paid and interest.

Appeal from a judgment of the superior court for Thurston county, Chapman, J., entered January 28, 1907, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to quiet title. Reversed.

*Vance & Mitchell* and *J. W. Robinson,* for appellants.

*Troy & Falknor,* for respondents.

RUDKIN, J.—On the 30th day of November, 1892, J. W. Robinson executed his promissory note in favor of Nelson Bennett, for the sum of $5,000, and mortgaged the Thurston county property in controversy in this action to secure its payment. On the 6th day of February, 1894, a further mortgage on certain real property lying in Chehalis county was given as additional security for the same indebtedness. On February 20th, 1896, G. H. Emerson, assignee of the note and the two mortgages, commenced an action of foreclosure in the superior court of Chehalis county, and on the 16th day of May, 1896, a judgment of foreclosure was entered by default, decreeing among other things, that the mortgaged premises be sold as required by law, *by the sheriff of Chehalis county, at the front door of the court house at Montesano, the county seat of Chehalis county.* On the 27th day of May, 1896, a special execution issued on the judgment, directed to the sheriff of Chehalis county and commanding him to levy upon, seize, take into execution and sell according to law, both the Thurston and Chehalis county properties, which were specifically described in the execution, or so much thereof as might be necessary to satisfy the judgment. On the 3d day of July, 1896, the sheriff sold the property in both counties at the front door of the court house in

Montesano, as directed, and made return of sale to the court. On the 3d day of October, 1896, an order of confirmation was entered, and in due time a sheriff's deed was executed to the plaintiff in the execution, who became the purchaser at the sale. Thereafter the purchaser at the sheriff's sale conveyed to the defendants herein. This. action was commenced in the name of Robinson to quiet title to the Thurston county property, and the present plaintiffs were substituted by order of court as successors in interest to the original plaintiff. The court below found, as a matter of law, that the execution sale under which the defendants claim was valid, and entered a judgment of dismissal. From that judgment both parties have appealed.

The defendants, however, do not question the form or correctness of the judgment of dismissal, but assign other and additional reasons why such a judgment was proper. These grounds we will now consider. It is first contended that the proof fails to show that the present plaintiffs are the successors in interest to the original plaintiff. The order of substitution was made after notice, and the court therein found that the original plaintiff conveyed the property in controversy · to the substituted plaintiffs since the commencement of the action. This finding was not excepted to, nor is the order of substitution assigned as error. The order of substitution of itself, under such circumstances, would in all probability authorize the prosecution of the action in the name of the present plaintiffs, without further proof; but, in any event, we think that the conveyance during the pendency of the action was clearly and satisfactorily proved.

It is next contended that the court erred in finding that the original plaintiff was in possession of the property at the time of the commencement of the action, in not finding that the defendants were in possession, and in not dismissing the action for that reason. This contention is based on *Spithill v. Jones*, 3 Wash. 290, 28 Pac. 531. That case was overruled

in *Brown v. Baldwin, ante* p. 106, 89 Pac. 483, and under the latter decision, the failure of a plaintiff to prove possession, or that the premises are vacant and unoccupied, is no longer a ground for dismissal in this form of action.

It is next contended that the defendants have paid more than seven years taxes. While more than seven years taxes have been paid or compromised, yet the first payment was made within a few days prior to the commencement of this action. Such a payment cannot avail the defendants as a defense. *Tremmel v. Mess, ante* p. 137, 89 Pac. 487.

It is lastly contended that the original plaintiff has been guilty of laches in the prosecution of his action, but there is nothing in the record that would warrant a court in holding the action barred short of the period of limitation fixed by law.

This brings us to the principle question in the case, namely, the validity of the sale of Thurston county real property in Chehalis county by the sheriff of Chehalis county, and, if invalid, was the irregularity cured by the direction in the decree of foreclosure that the sale should be so made, or by the subsequent order of confirmation. Our constitution and statutes would seem to leave little room for doubt on the first question. Section 6 of article 4 of the constitution provides that the process of the superior courts shall extend to all parts of the state. Bal. Code, § 5890 (P. C. § 1278), provides that decrees of foreclosure may be enforced by execution as an ordinary decree for the payment of money; that the execution shall contain a description of the mortgaged property; that the sheriff shall proceed to sell the mortgaged property or so much thereof as may be necessary to satisfy the judgment, after giving the notice prescribed by the section relating to the sale of property under execution; that if there is a deficiency the officer shall forthwith proceed to levy upon any property of the judgment debtor not by law exempt, and that subsequent proceedings shall conform to the provisions of

law relating to sales on execution, except as to the matter of notice.

Turning now to the law governing executions, Bal. Code, § 5195 (P. C. § 810), provides that the writ shall be directed to the sheriff of the county in which the property is situated, or to the coroner where the sheriff is a party or interested. The next section provides that the party in whose favor a judgment is rendered may have execution issued to any county in the state. Section 500, 2 Hill's Code, under which the execution sale in question was made, provided that notice of the sale should. be posted and published in the county where the sale was to take place, and section 507, Id., that the officer conducting the sale should make return to the court out of which the execution issued, except where the execution issued out of this court, in which case the return should be made to the superior court in which the action was commenced. Construing all these provisions together, there is no escape from the conclusion that real property can only be sold on execution in the county in which the property is situated, and by the sheriff of that county, and we think that such has been the uniform practice. If we are correct in this conclusion, under the great weight of authority, the execution sale and sheriff's deed under which the defendants claim, are null and void. Rorer, Judicial Sales, § 779; Freeman, Void Judicial Sales, § 31; 17 Cyc. 1239; 21 Century Digest, Title Execution, § 624; *Casseday v. Norris,* 49 Tex. 613; *Moody v. Moeller,* 72 Tex. 635, 10 S. W. 727; *Pollard v. Cocke,* 19 Ala. 188; *Jenners v. Doe,* 9 Ind. 461; *Thacher v. Devol,* 50 Ind. 30; *Paulsen v. Hall,* 39 Kan. 365, 18 Pac. 225; *Collins v. Perkins,* 31 Vt. 624.

In *Pollard v. Cocke, supra,* the court said:

"The question is, can the marshall of the Southern District make a valid sale in that district of land situated in the Middle District. We feel satisfied that he cannot. He is acting in the matter of such sale wholly without his jurisdiction, and consequently without authority. The want of authority to

sell goes to destroy the deed, as much as though he had no execution, and this may be inquired of collaterally, for it is clearly distinguishable from those cases where the officer has power to make the sale, but proceeds irregularly in the execution of that power. In the latter case his deed must be set aside, if at all, by a direct proceeding; in the former, it is absolutely void."

The defendants, however, contend that there is a distinction between foreclosure sales in equity and execution sales at law, and cite *Cargile v. Ragan*, 65 Ala. 287, where it was held, that a sale made by a register in Chancery at an improper time or place is merely irregular, and is cured by confirmation. Whatever the rule may be in jurisdictions where the chancellor has a discretion as to the time or place of sale, such rule can have no application here, where we have but one form of action for the enforcement of private rights and the redress of private wrongs, and where all judgments and decrees are enforced by the same officer, under the same statutory provisions, enacted doubtless for the protection of property owners. We are therefore of the opinion that the execution sale and the sheriff's deed are null and void, and that no title passed thereunder.

Was the defect in the sale cured by the direction contained in the decree of foreclosure that it should be so made, or by the subsequent order of confirmation? We think not. The place where the mortgaged property should be sold, or the personnel of the officer by whom the sale should be conducted, was not an issue in the foreclosure suit, and was not before the court for decision or direction. We think its direction in that regard was in contravention of the statutes of the state, without the issues in the case, and without the jurisdiction of the court. Black on Judgments (2d ed.), § 242. Under the express provision of our statute and numerous decisions of this court, irregularities in the manner of conducting sales are the only defects cured by confirmation. We hold, therefore, that the sale in question was utterly void in its inception, and re-

mains so notwithstanding the direction in the decree of fore-
closure and the order of confirmation. The plaintiffs were
entitled to the relief demanded in their complaint, but the de-
fendants, under repeated decisions of this court, have an
equitable lien on the land for taxes paid, and the judgment
quieting title must be in subordination to that lien. The
amount of taxes paid up to the time of the trial appears in
the record before us, but inasmuch as other payments may
have been made since that time, we will not direct a final judg-
ment.

The judgment of the court below will be reversed, with di-
rections to enter a judgment quieting the title in the plain-
tiffs, subject to a lien in favor of the defendants for all taxes
by them paid, with legal interest from the date of payment.
The court will ascertain the amount of such taxes and direct
a sale of the property to satisfy the lien, if the amount is
not paid within a time to be fixed in the judgment. Re-
versed and remanded accordingly.

HADLEY, C. J., FULLERTON, CROW, ROOT, MOUNT, and
DUNBAR, JJ., concur.