[No. 12495.  Department Two.  March 31, 1915.]

UNION CENTRAL LIFE INSURANCE COMPANY, *Appellant*, v.
LUTHER HAWKINS, *Respondent*.[1]

APPEAL — PRESERVATION OF GROUNDS — EXCEPTIONS TO FINDINGS —
NECESSITY.  Where a judgment denying the foreclosure of a mort-
gage was based upon affirmative findings of fact that the mortgage
was a forgery, and not upon the insufficiency of plaintiff's evidence,
exceptions to the findings are necessary to a review of the evidence
on appeal.

SAME—REVIEW—FINDINGS—EXCEPTIONS—NECESSITY.  In the ab-
sence of findings as to whether plaintiff in a mortgage foreclosure
had an equitable lien for taxes paid, and of any exceptions to the
findings on which the action was dismissed, the subject cannot be
inquired into on appeal.

Appeal from a judgment of the superior court for Yakima
county, Grady, J., entered September 20, 1913, upon findings
in favor of the defendant, in an action to foreclose a mort-
gage, tried to the court.  Affirmed.

*Parker, Richards & Fontaine*, for appellant.

*Lynch & Chesterley* (*O. L. Boose*, of counsel), for re-
spondent.

MORRIS, C. J.—Action to foreclose a mortgage.  The com-
plaint alleged execution and delivery of the mortgage; pay-
ment of taxes on the mortgaged property by plaintiff by
reason of defendant's failure to pay the same; default in
the payment of interest and taxes due, and the election of
plaintiff to declare the whole debt due and payable.  De-
fendant answered, denying the execution or delivery of the
mortgage, claiming it to be a forgery, and by cross-com-
plaint asked that title to the property be quieted in him.
The trial court made findings of fact and conclusions of
law divided into two branches, the first being upon plain-
tiff's complaint, and the second upon defendant's cross-com-
plaint.  On the first branch, the court found the mortgage

[1]Reported in 147 Pac. 199.

was a forgery, and concluded that, because thereof, it should be cancelled and annulled and the land freed from any and all incumbrance thereof.  Upon the second branch, the court made findings relative to the acts of the parties, and of certain third parties, from which it concluded that title to the mortgaged property was in defendant.  Judgment was entered for defendant, and plaintiff appeals.

No exceptions were taken to the findings of fact and conclusions of law of the trial court, and for this reason respondent moves to strike the statement of facts and abstract.  In contesting this motion, appellant contends that its complaint was in effect dismissed, and it is within the rule announced in *Murray v. Shoudy*, 13 Wash. 33, 42 Pac. 631, that, when a judgment of nonsuit has been ordered without the making of findings of fact, the facts are reviewable here without exceptions.  This contention is untenable for the reason that the trial court specifically found the appellant's mortgage was a forgery and based its conclusion upon such fact, and not upon any insufficiency of fact to sustain the complaint.  In other words, it was the strength of respondent's case, and not the weakness of appellant's, that induced the finding.  Finding no exceptions in the record, respondent's motion must be sustained.

The only question remaining for our determination is, do the findings of fact support the decree?  *Campion v. Kehoe*, 80 Wash. 627, 141 Pac. 1138; *Nichols v. Capen*, 79 Wash. 120, 139 Pac. 868; *Harbican v. Chamberlin*, 82 Wash. 556, 144 Pac. 717.  The findings make no reference to the payment of taxes.  We cannot, therefore, inquire as to whether or not appellant is entitled to an equitable lien upon the property for the full amount of the taxes paid irrespective of the validity of the mortgage.  Accepting the findings as correctly determining all the facts in the case, there can be no question as to their sufficiency to support the decree, and the judgment is affirmed.

Main, Ellis, and Crow, JJ., concur.