[No. 14360.    Department Two.    February 7, 1918.]

UNION CENTRAL LIFE INSURANCE COMPANY, *Appellant,*
v. JOHN F. CHESTERLEY *et al., Respondents.*[1]

MORTGAGES—PAYMENT OF TAXES — LIEN — VALIDITY OF MORTGAGE. The payment of taxes in good faith in protection of a claim of a mortgage lien establishes an equitable lien upon the property for the amount paid, and it is immaterial that the mortgage was invalid.

JUDGMENT—RES JUDICATA—MATTERS CONCLUDED. A judgment refusing foreclosure of a mortgage on the ground that it had been forged, is *res adjudicata* of the right of the plaintiff, claimed in the complaint, to an equitable lien for taxes paid, where the error of the court in refusing the same was not preserved in the record by exceptions to the findings or refusal to make findings as to plaintiff's right to such equitable lien.

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered March 5, 1917, upon findings in favor of the defendants, in an action for equitable relief, tried to the court. Affirmed.

*Richards & Fontaine,* for appellant.

*John F. Chesterley, John H. Lynch,* and *Davis & Morthland,* for respondents.

[1]Reported in 170 Pac. 558.

MORRIS, J.—This case grows out of the facts detailed in *Union Central Life Ins. Co. v. Hawkins,* 84 Wash. 605, 147 Pac. 199. Subsequently to the remittitur in that case, appellant commenced this action to establish an equitable lien on the property in the amount of the taxes paid by it in protecting the forged mortgage. The lower court held that the judgment in the *Hawkins* case was a bar, and denied a recovery. This is the only question before us.

A review of the *Hawkins* case is therefore necessary to ascertain what was there determined. The complaint in that case alleged the payment of taxes for the years 1907, 1908, and 1909, and prayed for the foreclosure of its equitable lien in the amount so paid. At the trial, evidence of the payment of the taxes was received without objection. At the conclusion of the evidence, the trial judge held that, inasmuch as the mortgage was a forgery, the insurance company was entitled to no relief in that action on account of the payment of the taxes, and any relief that might be granted must be in some other and subsequent action. In so holding, the trial judge was clearly wrong. It has long been the law of this state, announced in numerous cases, that the payment of taxes in good faith in protection of a claim of lien establishes an equitable lien upon the property in the amount so paid. *Hemen v. Rinehart,* 45 Wash. 1, 87 Pac. 953; *Vietzen v. Otis,* 46 Wash. 402, 90 Pac. 264; *Spokane v. Security Savings Society,* 46 Wash. 150, 89 Pac. 466; *Childs v. Smith,* 51 Wash. 457, 99 Pac. 304, 130 Am. St. 1107; *Childs v. Smith,* 58 Wash. 148, 107 Pac. 1053.

It was immaterial whether the mortgage was valid or invalid. The only question was, did the insurance company, in good faith, pay these taxes in protecting what it believed to be a valid lien upon the property? Unfortunately for appellant, it did not preserve this

error of the lower court by appropriate exception to any findings, or to the refusal to find, and, when the case came here on appeal, finding no exceptions in the record, we were limited to a review of the findings only for the purpose of ascertaining whether or not they supported the decree. No reference was made in the findings to the payment of any taxes, and we could not inquire, in the absence of a statement of facts, as to whether or not the appellant was entitled to an equitable lien upon the property for the amount of taxes paid. This was the fault of the record and not of the cause of action pleaded, or upon which, as now appears, appellant offered proof. The matter was determined in that judgment and could have been reviewed here upon proper exceptions. That it was wrongfully determined, or that a review of the error was not had because of the faulty record, does not disturb the question of the bar of that judgment. It was an issue below and could have been an issue here, if properly presented. That the *Hawkins* judgment is *res judicata* upon the cause of action now pleaded is clear, and the judgment so holding must be affirmed.

ELLIS, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.