(No. 4909.  February 10, 1928.)

## ANDREW W. GILLETTE, ROBERT C. PRICE, MORRIS B. RATNER, FRED L. GREEN and ANDREW W. GILLETTE, as Trustee, Respondents, v. CLARENCE M. OBERHOLTZER and ELLEN D. OBERHOLTZER, Appellants.

[264 Pac. 229.]

FORECLOSURE OF MORTGAGE — VALIDITY OF MORTGAGE — CANCELATION —CLAIM FOR TAXES PAID—LIEN—JUDGMENTS.

1. Claim for taxes paid on mortgaged land by holders of mortgage note and included as part of foreclosure suit does not necessarily fail when such suit fails because of invalidity or infirmity of mortgage.

2. Holders of note secured by mortgage, foreclosure of which was denied because of duress and want of consideration, of which only one of them was charged with notice, *held* properly granted a lien for taxes, paid after removal of duress under circumstances amounting to request by defendants, such payments inuring to latter's benefit.

3. Mortgagors, not appealing from, but accepting benefit of, portion of decree granting cancelation of mortgage and note secured, must place holders of note secured *in statu quo* by paying amount of taxes paid on mortgaged land by them.

4. Grantor procuring cancelation of an instrument, even for duress or fraud, must place grantee *in statu quo*.

5. Portion of decree granting holders of note secured by mortgage, foreclosure of which was denied for duress and want of consideration, a lien on mortgaged premises for amount of taxes paid by them, *held* not erroneous because not within pleadings.

6. Equity obtaining jurisdiction of subject matter of dispute will retain it for settlement of all controversies between parties with respect thereto.

7. As all of several tracts of mortgaged land together constituted subject matter of foreclosure suit, it was not necessary to apportion lien granted plaintiffs for taxes paid to various tracts.

8. Assignment of error in granting nonsuit on cross-complaint for payments made to plaintiffs' predecessors, in suit to foreclose mortgage, need not be considered on appeal from portion of

judgment granting plaintiffs a lien on mortgaged premises for amount of taxes paid by them.

9. Mortgagors encouraging payment of taxes by holders of note secured, after removal of duress because of which foreclosure was denied, *held* estopped to contend that plaintiffs were not equitably entitled to recover amount of such taxes because of payment of greater sums to plaintiffs' predecessors.

APPEAL from the District Court of the Eleventh Judical District, for Cassia County. Hon. T. Bailey Lee, Judge.

Action to foreclose mortgage. Judgment for plaintiffs. *Affirmed.*

S. T. Lowe, for Appellants.

The judgment must conform to and be supported by the pleadings in the case. (*Snoderly v. Bower*, 30 Ida. 484, 166 Pac. 265; *Milner v. Earl Fruit Co.*, 40 Ida. 339, 232 Pac. 581; *Brown v. Hardin*, 31 Ida. 112, 169 Pac. 293; *Uhrlaub v. McMahon*, 15 Ida. 346, 97 Pac. 784; *Willis v. Willis*, 33 Ida. 353, 194 Pac. 470; 33 C. J. 1139, sec. 87.)

When an action for the foreclosure of a mortgage fails by reason of the invalidity or infirmity of the mortgage, a claim for taxes paid upon the property included in the mortgage, as a part of the foreclosure suit, must fail, for a claim for taxes is merely incidental to the mortgage. (Jones on Mortgages, 6th ed., sec. 77; *Hill v. Townley*, 45 Minn. 167, 47 N. W. 653; *Borden* v. *Clow*, 21 Nev. 275, 37 Am. St. 511, 30 Pac. 821; *Hitchcock v. Merrick*, 18 Wis. 357, 360.)

Publisher's Note.

2. See 19 R. C. L. 402.
4. See 4 R. C. L. 511.
6. See 10 R. C. L. 370.

See Appeal and Error, 4 C. J., sec. 2541, p. 649, n. 36.
Cancelation of Instruments, 9 C. J., sec. 114, p. 1219, n. 18.
Equity, 21 C. J., sec. 117, p. 134, n. 5.
Judgments, 33 C. J., sec. 90, p. 1148, n. 3.
Mortgages, 41 C. J., sec. 618, p. 638, n. 36; sec. 619, p. 640, n. 46; sec. 621, p. 640, n. 52; 42 C. J., sec. 1743, p. 146, n. 84.

C. W. Thomas, for Respondents.

The decree of an equitable lien for the amount of the taxes paid was within the issues and is supported by the pleadings; and this court must assume there was evidence before the trial court to warrant the findings made. (*Keller v. McCarty,* 38 Ida. 18, 219 Pac. 1063.)

Where instruments are declared invalid for duress, or want of consideration, the grantee is nevertheless entitled to be reimbursed for taxes paid by him. (2 Black on Rescission and Cancellation, sec. 637, p. 1469; *Pleasants v. Henry,* 36 Ida. 728, 213 Pac. 565; *Oatman v. Hampton,* 43 Ida. 675, 256 Pac. 529.)

BRINCK, Commissioner.—In this action, brought by the holders of a note signed by the defendants, for the foreclosure of a mortgage securing such note, the mortgage consisting in form of deeds to real estate and a trust agreement, the defenses of duress and want of consideration, pleaded in the answer, were sustained by the findings of the trial court. The court found, however, that after the duress was removed, the defendant made certain payments upon the debt and wrote plaintiffs divers letters, assuring them of his determination to pay the note and discharge the trust agreement, and encouraged plaintiffs to pay the taxes upon the premises; and that, in reliance upon such assurances and promises, the plaintiffs paid certain taxes upon the land involved. Foreclosure of the mortgage was denied, but by the decree the plaintiffs were granted a lien upon the mortgaged premises for the amount of the taxes they had paid as aforesaid; and it was ordered that, unless this amount were paid plaintiffs within ninety days after the entry of the decree, the land should be sold for the payment thereof, and that upon payment to plaintiffs of said amount the instruments should be surrendered to the court for cancelation. This appeal is prosecuted by the defendants upon the judgment-roll and is only from that por-

tion of the judgment granting plaintiffs a lien for the taxes paid by them.

Plaintiffs are the remote assignees of the original payee of the note, the City Bank of Denver. The deeds were executed to one Gillette, as trustee, and the trust agreement was made with him as such trustee. Gillette, in his individual capacity, is one of the four present holders of the note and is the only one of the plaintiffs who is shown to have had knowledge of the duress or want of consideration. The original payee held the note until after its maturity before assignment thereof.

[1] Appellant's principal contention is that when an action for the foreclosure of a mortgage fails by reason of the invalidity or infirmity of the mortgage, a claim for taxes paid upon the mortgaged property and included as a part of the foreclosure suit must fail. As a broad general rule this proposition cannot be sustained and no authorities are cited in support of it. The only authorities relied upon by counsel in this connection are those holding that the right of a mortgagee to collect taxes paid by him cannot be severed from his rights under the mortgage and made the basis of an independent action or lien after the discharge of the mortgage by foreclosure or otherwise, or after foreclosure has become barred by limitations, but that the right to recover the debt and the right to recover such taxes all constitute one indivisible cause of action which cannot be split up.

[2] It was held in *Union Central Life Ins. Co. v. Chesterley*, 100 Wash. 260, 170 Pac. 558, that a mortgagee under a forged mortgage who, in good faith, pays taxes upon the mortgaged property, is entitled to an equitable lien for the amount so paid, to be enforced in a foreclosure action, even though no recovery under the mortgage itself could be had. In *Aultman & Taylor Co. v. Jenkins*, 19 Neb. 209, 27 N. W. 117, it was held that, where a mortgage is invalid for lack of proper execution, the mortgagee, having paid taxes upon the land, has a lien thereon for such taxes and interest, which the defendants must pay or the plaintiffs may

enforce the lien on the land. The supreme court of Utah, in *Hudson v. Moon,* 42 Utah, 377, 130 Pac. 774, held that even where the consideration for the mortgage debt was illegal, being a gambling debt, and the plaintiff in the foreclosure was the original mortgagee, taxes paid by the mortgagee upon the mortgaged property, for the use and benefit of the mortgagor, constituted a separate transaction and the mortgagee could recover the amount thereof from the mortgagor in the foreclosure action. The same court, in *Utah etc. Co. v. Perkins,* 53 Utah, 474, 173 Pac. 950, held that where deeds given as security were void because executed in blank only and filled in without proper authority and these facts were known to the grantee seeking to foreclose the lien, nevertheless taxes and interest upon a prior mortgage paid by plaintiff, being expended for the benefit of the grantor, and of the property involved, should be held as liens against the property conveyed. We think, in the present case, that the plaintiffs were properly granted a lien for the taxes paid. These payments inured to the benefit of the defendants and preserved to them the property. Three of the four co-owners of the note are not charged with notice of any infirmity of the instruments; and so far as all the plaintiffs are concerned, payments were made after the duress was removed and under circumstances amounting to a request by defendant to pay them. None of the plaintiffs were, in any sense, volunteers in making the payments and, upon the mortgage being decreed invalid, were entitled to an equitable lien upon the property for the money so paid.

[3, 4] Furthermore, the appellants do not appeal from that portion of the decree granting cancelation of the instruments; and accepting the benefit of this portion of the decree, although they did not ask for such relief, they must conform to the general requirement that a grantor procuring the cancelation of an instrument, even for duress or fraud, must place the grantee *in statu quo,* a rule so elementary as to require no citation of authority.

[5–7]   Appellants further urge that the relief granted is not within the pleading; but it is also elementary that equity obtaining jurisdiction of the subject matter of a dispute will retain it for the settlement of all controversies between the parties with respect thereto. Nor was it necessary, as appellant contends, that the lien for taxes be apportioned to the various tracts of land involved; all of them together constituting the subject matter of the action it was not necessary that such apportionment be made.

[8, 9]   The appellants, by cross-complaint, sought to recover from plaintiffs payments that had been made to plaintiffs' predecessors, and assign as error the granting of a nonsuit upon the cross-complaint. The merits of this contention are not involved in the appeal from the portion of the judgment appealed from and need not be considered. It is urged that these payments, having exceeded the amount of the taxes paid by plaintiffs, plaintiffs should not in equity be entitled to recover the amount of taxes so paid; but defendants are clearly estopped to make such contention by reason of their acts in encouraging the payment of the taxes by plaintiffs after the duress was removed.

We recommend that the judgment be affirmed.

Varian, and Ensign, CC., concur.

The foregoing is approved as the opinion of the court. The judgment is affirmed, with costs to respondents.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

T. Bailey Lee, J., disqualified.