PER CURIAM.
This appeal arises out of a long and bitter dispute between father (F.H. Du-bose) and son (Richard Dubose) as co-trustees of two trust estates created by F.H., and his wife, Exa Mae Dubose (now deceased). The principal asset of the trusts is a 140-acre highly improved farm and nursery, in which F.H. and Exa Mae Du-bose each owned an undivided V2 interest and which they leased to their only child, Richard, during Exa Mae's lifetime. By virtue of Exa Mae’s will, her interest in the real property and her personal property were vested in the trusts. Her will further provided that, if her husband should remarry, all her property interests would vest in Richard.
The father’s remarriage at age 86, to a woman in her twenties, was strongly opposed by the son, who repeatedly referred to his stepmother as “the gypsy.” The basis of the son’s protest, according to the father, was that upon Mr. Dubose’s death, his undivided V2 interest in the jointly held real property would go to the “new” Mrs. Dubose and not to the son. This meant *466 that, instead of inheriting the entire estate, the son would now either be forced to buy his father's ½ interest or suffer the humiliation of owning it jointly with “the gypsy.”
Although denied by Richard, the witnesses at trial painted a sordid picture of Richard’s resentful conduct. The evidence reflects that he cut off all distributions from the trusts to his father and engaged in repeated acts of waste and destruction to the income-producing orchards and plants on the farm. It was out of desperation and deprivation, according to the father, that he filed suit against his son to: 1) require an accounting; 2) cancel the lease; and 3) require a sale of the jointly held property for division of the proceeds.
After many hearings, resulting in two separate injunctions[1] and a 3-volume record, the trial court resolved all the issues in favor of the father. The final decree dissolved the trusts; awarded F.H. Dubose a judgment of $64,030.67; terminated the lease; and ordered the real property sold for division. At the public sale, the property was purchased by Richard, who paid to the clerk of the court ½ of the bid price plus ½ of the expenses of the sale. In due time, without any objections being filed, the clerk’s report of sale was confirmed by the court.
On appeal, Richard raises several issues, all of which, except one, challenge either the trial court’s findings of fact or its exercise of a discretionary function. The discretionary ruling here challenged relates to the trial court’s acceptance of an amendment offered by the plaintiff after the close of all the evidence. Under appropriate circumstances, such amendments are expressly authorized, Rule 15, A.R.Civ.P.; and where, as here, the amendment related to the defendant’s conduct after the initial trial, upon which an additional hearing was held, we find no abuse of discretion.
Not only is the evidence sufficient to support each of the trial court’s findings, but the weight of the evidence is so compellingly in favor of F.H. Dubose’s claims that any finding to the contrary would be clearly erroneous. Rule 52(a).
The final issue presented relates to the trial court’s denial of Richard’s request to purchase the property in the sale-for-division proceedings, as a joint owner pursuant to Code 1975, § 35-6-100, as opposed to being forced to bid for the property at a public sale. We find certain procedural defects in the manner in which the request was made, and we also find no merit in the appellant’s assertion of error.
Because the appellant appeared at the judicial sale, was the successful bidder, accepted the clerk’s deed upon payment of ½ the bid price plus ½ of the expenses of sale, and failed to file any objections or exceptions before the trial court’s confirmation of the clerk’s report of sale, we hold that appellant is foreclosed from raising the § 35-6-100 issue on appeal. Code 1975, § 35-6-20; see, also, Taylor v. Taylor, 398 So.2d 267 (Ala.1981); and Cargile v. Ragan, 65 Ala. 287 (1880).
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and STEAGALL, JJ., concur.

. One of these injunctions was the subject matter of an appeal to this Court. Dubose v. Dubose, 486 So.2d 432 (Ala.1986).